## WILEY W. SCOTT v. THE STATE.

The rules of this court require an assigment of errors, and in civil cases that rule will be enforced. (Paschal's Dig. Art. 1591, Note 618.) But although there be no assignment of errors, in a case affecting the life or liberty of the citizen we feel bound to see at least that the court had jurisdiction of the case; and where there was a motion for a new trial, on the ground that there was no evidence to convict, the court will treat this as an assignment of errors, and examine the facts. (Paschal's Dig., Art. 3210.)

Where a party was convicted of manslaughter, and the statement of facts did not show that there was any proof that the homicide took place in the county, a new trial ought to have been granted.

APPEAL from Houston. The case was tried before Hon. SAMUEL L. EARLE, one of the district judges.

There were several points and a full statement of facts in the case, but it is enough to say that the statement of facts showed no proof that the homicide was proved to have been committed in any place; and for that reason the points of counsel are useless.

*Stewart & Nunn*, for appellant.

*E. B. Turner, Attorney General*, for the state.

HAMILTON, J.—This was an indictment by the grand jury of Houston county against Martin Scott and the defendant, Wiley W. Scott, for the murder of Leroy D. Scarborough. There was a trial of Wiley W. Scott at the September term, 1868, of the district court for Houston county, and a verdict of manslaughter and two years' confinement in the penitentiary returned by the jury. There was a motion for new trial and in arrest of judgment, which

were overruled, and an appeal prosecuted to this court, which we are now to consider. There is no assignment of errors, as is required by the rules of this court, and we would not feel bound in an ordinary civil case to look through the record to discover errors not formally complained of. But in a case affecting the life or liberty of the citizen, we feel bound to see at least that by the facts proved the court below had jurisdiction of the case. Among other causes assigned for a new trial the third ground is, "There is no evidence to support the verdict of the jury," which motion we feel constrained in this case to treat as an assignment of errors.

In this motion several grounds are assigned for a new trial, but none need be noticed except the one referred to. The question therefore for our determination is whether the evidence justified the verdict; and from the record we are bound to say that it did not. The statement of facts does not disclose whether the killing happened in the county of Houston, in the State of Texas, or in some other state or country. Whether this important and necessary fact was by oversight omitted in making up the statement of facts, or was not in proof, we cannot determine. We can only deal with the record as it is presented to us, and from the record no fact appears giving the district court of Houston county jurisdiction of the offense charged in the indictment. The judgment is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.