## BOB SUTTON v. THE STATE.

1. FELONY—JUDGMENT CONVICTING OF, REVERSED FOR ERRORS NOT ASSIGNED.—This court, in cases of felony, if satisfied that the accused has not been convicted according to law, will reverse the judgment, though the error is not assigned, when the error is of such a character that it cannot be considered as waived by the defendant or cured by judgment.

2. OATH TO JURY.—The omission to administer to the jury the oath prescribed by law in a criminal case is a fatal defect, for which a judgment of conviction must be reversed.

APPEAL from Lamar. Tried below before the Hon. John C. Easton.

The facts of this case are only important when considered with reference to the charge of the court. This contains no reference to the facts in evidence, but covers some seven pages of the record, and, consisting chiefly of extracts from the code, is omitted.

*Bennett, Ballenger & Bennett,* for appellant.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—The appellant was convicted of murder in the second degree, and seeks to reverse the judgment on the following grounds: 1st. The errors in the charge of the court; 2d. The refusal to give the several instructions asked for defendant; and 3d. The refusal of the judge to grant a new trial on the grounds set forth in defendant's motion.

While we are not satisfied that there was error in the charge, it is deemed proper to remark that the jurors should have, in criminal cases, their minds directed to the principal questions in the case, and should have the law applicable to the case given to them, and none other. That law, it is believed, is neither difficult to discover or apply when the evidence is kept in mind.

33

The practice prevailing in some districts of giving to the jury numerous and lengthy extracts from the Criminal Code, in cases of felony, has the same tendency as the presenting in civil cases numerous and irrelevant special issues.

The charge should in all cases rest on or arise out of the evidence given during the trial. All other law is uncalled for, and the delivery of it as a part of the charge serves but to draw the mind of the jury from the questions deserving attention, and tends directly to confuse and mislead them. The code declares that "the judge shall deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case." This is, in effect, declaring that law not applying to the case should not be given.

The second assignment of error is not sustained by the record, so far as the instructions requested by defendant embraced the law of the case. They were embodied in the general charge of the court. The others were properly refused.

The assignment that this cause should be reversed for the reasons set forth in the motion for a new trial, namely, that the verdict is contrary to the evidence and the law of the case, will not be noticed, as this case must be remanded for a new trial on a different ground.

In cases of felony we are not restricted to the assignment of errors. If satisfied, from an examination of the record, that the accused has not been convicted according to law, the judgment must be set aside when the error is of such a character that it cannot be considered as waived by the defendant or cured by the judgment; although, as in the present case, neither exception, motion, or assignment of error is presented on behalf of appellant.

The record shows that the oath required by law was not administered to the jury in this case. Art. 563 of the Criminal Code, (Pas. Dig., art. 3029,) declares that the oath administered to a juror in criminal cases shall be as fol-

lows: "You solemnly swear that in the case of the State of Texas against (naming defendant) you will a true verdict render according to the law and evidence, so help you God." The jury were sworn in the case before us "well and truly to try the issue between the State of Texas and the defendant, Bob Sutton." Had the record shown that the jury was duly sworn, or sworn according to law, it might be presumed that the oath prescribed was administered to them.

In this case it affirmatively appears that the proper oath was not administered to the jury. The omission is a fatal defect, for which the judgment must be reversed. (Arthur *v.* The State, 3 Tex., 405, and Edmonson *v.* The State, decided at the present term.)

As this case will be remanded, attention is called to the indictment, which fails to state when the deceased died. The indictment charges that, on the 1st day of November, 1871, the accused gave "to the said Dan Harman divers mortal wounds, of which mortal wounds he, the said Dan Harman, lingering, did die." There is nothing in the indictment to show whether he died within one year or even two, nearly three years having intervened between the alleged date of the murder and the time of trial.

By an examination of the caption of the indictment, we find it was presented at the November term, 1871, of the District Court of Lamar county; and a marginal note by the clerk shows that it was "filed in open court November 28, 1871." From these we might infer that Harman had died within the month of November, 1871. This, however, is a mere inference, arising from statements on the action of the clerk, which form no part of the indictment, and cannot be resorted to for the purpose of supplying a material averment in which the indictment is defective.

Judgment reversed and the cause remanded.

                 REVERSED AND REMANDED.