Nettie L. MOSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 59001.

Court of Criminal Appeals of Texas, Panel No. 1.

June 17, 1981.

James H. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Andy Anderson and Reed Prospere, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and ODOM, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for possession of Secobarbital. Punishment was assessed at confinement for ten years.

Initially, we find unassigned error which we shall review in the interest of justice. See Article 40.09, Sec. 13, Vernon's Ann.C. C.P. The indictment in this case alleges that on or about April 30, 1977, the appellant did "knowingly and intentionally possess with intent to deliver, a controlled substance, namely: SECOBARBITAL."

Secobarbital was not specifically listed in a penalty group as a controlled substance until August 27, 1979, the effective date of the amendment to Section 4.02 of the Controlled Substances Act. See Article 4476–15, Sec. 4.02(d)(4)(E). Hence, at the time of the commission of this offense, Secobarbital was not specifically named in a penalty group.

 In a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance not specifically named in a penalty group but which is otherwise described in a penalty group, such description is an essential element of the offense which must be alleged in the indictment in order to state an offense. *Ex Parte Wilson*, 588 S.W.2d 905 (Tex.Cr.App.1979). This indictment does not allege why Secobarbital, a substance not listed by name in a penalty group, is a controlled substance. Therefore, in accordance with the decisions of this Court, this indictment fails to allege all that was necessary for the State to prove; thus, it is fundamentally defective. See *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr.App.1981); *Ex Parte Wong*, 612 S.W.2d 548 (Tex.Cr.App. 1981); *Taylor v. State*, 610 S.W.2d 471 (Tex.

Cr.App.1981) (Opinion on Rehearing). The conviction cannot stand.

The judgment is reversed and the indictment is ordered dismissed.