**Roosevelt CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–81–00571–CR, 05–81–00572–CR.**

Court of Appeals of Texas,
Dallas.

June 22, 1982.
Rehearing Denied July 21, 1982.
Discretionary Review Granted
Oct. 27, 1982.

pened and did he say, I killed three men I don't know if I can live with it? No, he said we stole a car. That is all it meant to him."

**14**

Charles H. Erwin, Dallas, for appellant.

Kathy Drew, Asst. Dist. Atty., Henry M. Wade, Dist. Atty., Dallas, for appellee.

Before AKIN, ALLEN and GUILLOT, JJ.

AKIN, Justice.

This is an appeal from an order of the district court revoking probation in each of the above causes. Because the underlying indictments in each case failed to properly allege an offense under law, the judgments of conviction are void since the trial court lacked jurisdiction. Since the district court lacked jurisdiction to convict, it follows that the court also lacked jurisdiction to revoke probation. Accordingly, the order is reversed and the defendant discharged. We also hold that we have jurisdiction to declare void a judgment rendered where the trial court lacked jurisdiction even though no point of error on this ground has been assigned.

On October 27, 1978, appellant pleaded guilty to the offense of unlawful delivery of a controlled substance, to wit: Secobarbitol in cause no. F77–4418 (our cause no. 05–81–00572–CR). In cause no. F77–4417 (our cause no. 05–81–00571–CR) appellant pleaded guilty to the offense of unlawful delivery of a controlled substance, namely: Biphetamine. In each cause, the trial court assessed a ten year probated term. A revocation hearing was held upon the State's motion to revoke probation on January 26, 1981. At that time, the trial court revoked probation in both causes and sentenced defendant to ten years imprisonment in each case.

The record in these causes is before us with a statement of facts but no brief has been filed on behalf of defendant in either cause and there is no showing of indigency. However, our examination of the record reveals fundamental error in the underlying judgments of conviction in that each indictment fails to allege an offense. The indictment in cause no. F77–4418 alleges that on March 25, 1977, appellant knowingly and intentionally delivered a controlled substance, Secobarbital. Prior to the 1979 amendment of Section 4.02 of the Controlled Substances Act, Secobarbitol was not specifically listed within a statutory penalty group.[1] In a prosecution under the Controlled Substances Act for the manufacture, delivery or possession of a controlled substance not specifically named in a penalty group, but which is otherwise described in a penalty group, such description is an essential element of the offense which must be alleged in the indictment in order to state an offense. *Ex parte Wilson,* 588 S.W.2d 905, 908–909 (Tex.Cr.App.1979) (en banc). Because this indictment fails to allege why Secobarbitol, a substance not then listed by name in a penalty group, is a controlled substance, it fails to allege an offense. *Moss v. State,* 617 S.W.2d 268, 269 (Tex.Cr.App.1981).

Similarly, the indictment in F77–4417 alleges that appellant delivered a controlled

---

1. Secobarbitol is now specifically listed under Penalty Group 3. *See* Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.02(d)(4)(E) (Vernon Supp. 1982).

substance by the name of Biphetamine.[2] This substance has never been specifically listed within an appropriate penalty group, either before or after the 1979 amendment of Section 4.02. Because the indictment does not allege facts showing why Biphetamine is a controlled substance, it likewise fails to state an offense. *See Ex parte Wilson,* 588 S.W.2d at 908–909. Since each indictment failed. to allege an offense against the laws of the State, the jurisdiction of the district court was not invoked, *Daniels v. State,* 573 S.W.2d 21, 24 (Tex.Cr. App.1978), and every order rendered by it, including the order revoking probation, was void.

Although the trial court's orders are all void for lack of jurisdiction, we have no assigned error before us because no briefs have been filed. Prior to September 1, 1981, this error could be reviewed "in the interest of justice" pursuant to former Article 40.09, § 13 of the Code of Criminal Procedure. *See Bell v. State,* 620 S.W.2d 116, 123 n.1. (Tex.Cr.App.1981) (opinion on rehearing). The issue then becomes whether a fundamentally defective indictment may yet be noticed, notwithstanding the absence of an enabling provision such as former Article 40.09, § 13.

Before the enactment of this provision, the appellate courts of Texas did not consider such an enabling provision a necessary prerequisite to *sua sponte* appellate review of certain contentions. In *Scott v. State,* 31 Tex. 409, 410 (1868) the Texas Supreme Court reversed a manslaughter conviction where the record did not disclose "whether the killing happened in the county of Houston, in the State of Texas, or in some other state or country." That court noted:

There is no assignment of errors, as is required by the rules of this court and we would not feel bound in an ordinary civil case to look through the record to discover errors not formally complained of. But in a case affecting the life or liberty of a citizen, we feel bound to see at least

that by the facts proved the court below had jurisdiction of the case.

31 Tex. at 410. Later, in *Sutton v. State,* 41 Tex. 513, 514 (1874), the supreme court held that review in felony cases was not restricted to assignments of error, stating:

If satisfied, from an examination of the record, that the accused has not been convicted according to law, the judgment must be set aside when the error is of such a character that it cannot be considered as waived by the defendant or cured by the judgment; although, as in the present case, neither exception, motion or assignment of error is presented on behalf of appellant.

41 Tex. at 514. Soon thereafter the court of appeals in *Lunsford v. State,* 1 Tex.Ct. App. 448, 450 (1876), reviewed a fundamentally defective indictment as unassigned error citing *Sutton* as authority.

 Thus the courts in *Sutton* and *Lunsford* reviewed fundamental error *sua sponte* rather than suffer the miscarriage of justice which would result if the court affirmed the causes where the courts below lacked jurisdiction. This policy is sound and we adhere to it and hold that we have both the jurisdiction and the duty to reverse these void convictions even though no point of error has been assigned on this ground. In our view, an appellant court does not need enabling legislation to set aside a void judgment, whether that judgment be civil or criminal. Indeed, for years in civil cases, we have been raising jurisdictional questions on our own motion and dismissing the trial court's judgment where the trial court lacked jurisdiction. *See McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265, 266 (1957); *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979, 982–983 (1947); *Determan v. City of Irving,* 609 S.W.2d 565, 567 (Tex.Civ.App.— Dallas 1980, no writ). Because a void judgment is a nullity, we have inherent power to so declare it regardless of the technical requirements of an appeal. Accordingly,

---

**2.** Biphetamine is described as "resin complexes of amphetamine and dextroamphetamine." Physician's Desk Reference 423 (36th ed. 1982).

cause nos. F77–4418 and F77–4417 are ordered dismissed and the defendant discharged.