Doris Jean SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0094–CR.

Court of Appeals of Texas, Tyler.

June 2, 1983.

Joe Scott Evans, Groveton, for appellant.

Hugh Barton, Asst. Dist. Atty., Joe L. Price, Dist. Atty., Groveton, for appellee.

COLLEY, Justice.

Appellant was convicted by a jury of murder and her punishment was assessed by the jury at thirty years confinement in the Texas Department of Corrections.

Three grounds of error are raised by appellant in her brief before this court. No challenge is made by appellant of the sufficiency of the evidence to support her conviction.

Upon our initial review of the record in this case, we have noticed unassigned error of fundamental character which mandates reversal under the applicable decisions of the Texas Court of Criminal Appeals.

The indictment in this case alleged that the appellant did "... intentionally and knowingly cause the death of James Hermon by shooting him with a gun ...." The paragraph of the court's charge applying the law to the facts instructed the jury as follows:

Now, if you should find and believe from the evidence beyond a reasonable doubt that on or about the 7th day of July 1974 in Trinity County, Texas, the defendant, Doris Jean Smith, did intentionally or knowingly cause the death of an individual, James Hermon, as set forth in the indictment, then you will find the defendant guilty of murder.

Immediately following such charging paragraph the following instructions were given by the trial court to the jury:

You are instructed that to be guilty of murder a defendant must have acted intentionally or knowingly in causing the death of the deceased. He must have intentionally or knowingly caused the death or he must have intended to cause serious bodily injury and have committed an act clearly dangerous to human life that caused the death of the deceased. Unless the defendant so acted intentionally or knowingly or with intent to cause bodily injury to the deceased, he cannot be convicted of murder.

The evidence in this case raised, and the court submitted the lesser included offense of voluntary manslaughter. The jury convicted the appellant of murder. The court's charge is fundamentally defective because it authorized the conviction of the appellant of the offense of murder if the appellant acted with intent to cause serious bodily injury to the deceased and committed an act clearly dangerous to human life that caused the death of the deceased, a theory not alleged in the indictment. *Moring v. State,* 591 S.W.2d 538 (Tex.Cr.App.1979). The charge is also fundamentally defective because it failed to instruct the jury that before they could find the appellant guilty of murder they must find beyond a reasonable doubt that at the time of the shooting she was not acting under the influence of sudden passion arising from an adequate cause. *Jenkins v. State* (Tex.Cr.App. No. 64,000 Feb. 16, 1983); *Cobarrubio v. State* (Tex.Cr.App. No. 63,801, January 12, 1983). The errors deprived appellant of due process of law, and we review the same in the interest of justice although appellant failed to object at trial to the charge on such grounds or raise such errors in her appellate brief. We are aware that Subdivision 13 of Article 40.09, V.A.C.C.P., was rewritten by Acts of the 67th Legislature. Chapter 291, Section 108, 1981 Tex.Gen. and Spec.Laws, 808. Such amendment omitted any reference to the review of "unassigned error in the interest of justice." Subdivision 13, as it existed prior to its amendment, authorized the Texas Court of Criminal Appeals, formerly the sole court having appellate jurisdiction in criminal cases, to review unassigned error, "[w]hich in the opinion of the Court of Criminal Appeals should be reviewed in the interest of justice." It is our opinion that the elimination of this provision from the Code of Criminal Procedure does not preclude the Courts of Appeal from reviewing so-called "unassigned error" where justice demands we do so. The Legislature certainly has authority within constitutionally permissible limits to prescribe rules of criminal procedure to be followed by the courts of the state. *Martinez v. State,* 134 Tex. Cr.R. 180, 114 S.W.2d 874 (1938). Assuming, without deciding, that the power of an appellate court to review unassigned error in criminal cases shown by the record is subject to regulation by the Legislature, nevertheless, we hold that under the provisions of V.A.T. Const., Article 5, Section 6, we have, unless the Legislature prescribes to the contrary, the authority to review unassigned errors shown by the face of the record in criminal appeals when in our opinion, it is in the interest of justice to do so. *Sutton v. State,* 41 Tex. 513 (1874). Where a defendant has been deprived of due process under the state and federal constitutions, indeed it is our constitutional duty to take appropriate decisional action to enforce such constitutional protections. *Ex parte Young,* 418 S.W.2d 824, 826 (Tex.Cr. App.1967); *Carter v. State,* 639 S.W.2d 13 (Tex.App.—Dallas 1982, pet. granted). We also note that the charge was defective because the paragraph applying the law to the facts on murder did not allege that the appellant knowingly and intentionally caused the death of the deceased *by shooting him with a gun* as alleged in the indictment. *Moore v. State,* 84 Tex.Cr.R. 256, 206 S.W. 683 (1918); *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979).

Therefore, since we are constrained to reverse the judgment and remand the cause for a new trial we will not address the grounds of error assigned by appellant.

The judgment is reversed and the cause is remanded.

McKAY, Justice, concurring.

I agree with the result reached in this cause. I agree that there is fundamental error, and that this court may reverse a conviction for fundamental error without appellant having assigned any error. I do not agree, however, that it is our function to search the record on appeal for unassigned error other than fundamental error.