Roosevelt CARTER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 741–82, 742–82.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 14, 1983.

C.H. Erwin, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew and Andy Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

■ The State's position, carefully expressed by her locally affected district attorney, is that "a Court of Appeals has no jurisdiction to *entertain* unassigned error regardless of the fundamental nature of the error in question."[1] This because, as the State sees it, there is no constitutional or statutory provision "which authorizes the Court of Criminal Appeals, *or any intermediate appellate court in this State,* to review a record, or any portion thereof, in a criminal case for the purpose of entertaining unassigned error."[2] The position is untenable.

■ There is a fundamental proposition pertaining to appellate functions of the Judicial Department: A constitutional grant of appellate jurisdiction treats a right of appeal in criminal cases "as a remedy to revise the whole case upon the law and facts, as exhibited in the record," *The Republic v. Smith,* Dallam, 407 (Tex.), quoted approvingly by the Supreme Court of Texas in *Bishop v. The State,* 43 Tex. 390, 400 (1875). The *Bishop Court* noticed "error apparent upon the record," *id.,* at 397, and corrected it by reversing the judgment of the trial court, *id.,* at 403–404.

In between *The Republic v. Smith,* supra, and *Bishop v. The State,* supra, the Supreme Court of Texas decided *Scott v. The State,* 31 Tex. 409 (1868) and *Sutton v. The State,* 41 Tex. 513 (1874), and upon them, as well as *Lunsford v. The State,* 1 Tex.App.

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. Emphasis by the State.

448 (Ct.App.1876), the Dallas Court of Appeals correctly relied in finding that "an appellate court does not need enabling legislation to set aside a void judgment," *Carter v. State,* 639 S.W.2d 13 (Tex.App.—Dallas 1982).

In its petition for discretionary review the State characterizes the trio of decisions as "very old cases." Indeed. Two are further criticized for being opinions of the "Reconstruction Court," and we are cautioned to view them "with a jaundiced eye" in that such opinions "are generally considered to be of little authoritative value." The *Scott* opinion may well be in that category, but one would find it hard to fault any appellate court for the attitude that "in a case affecting the life or liberty of a citizen, we feel bound to see at least that by the facts proved the court below had jurisdiction of the case," 41 Tex., at 410. However, *Sutton* is most assuredly not an opinion by the "Reconstruction Court," for Chief Justice Oran M. Roberts and all associate justices were appointed by the Governor in late January 1874, and thereby the Supreme Court "pass[ed] to another era in the judicial history of Texas." See Preface to Volume 40, Texas Reports. The "late unpleasantness" was over.

The State diminishes the value of *Lunsford v. State* because "it was decided by a court which was abolished by constitutional amendment in 1891." However, what the State fails to understand and appreciate is that members of that court became judges of the Court of Criminal Appeals, the jurisdiction of which was restricted to criminal cases—otherwise only the name was changed. See Article V, §§ 4 and 5, as amended August 11, 1891, and 19 S.W. (iii). That *Lunsford* "squarely rests" on *Sutton v. The State,* supra, attests to the precedential worth of both opinions, for—again—the *Sutton Court* was composed of justices

named in January 1874, or their successors in office.

■ Authority for the fundamental proposition laid down *ante,* then, is formidable and consistent. Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute. Jurisdiction of an appellate court in Texas is invoked in a criminal case by giving notice of appeal against a judgment of the trial court pursuant to Article 44.08, V.A.C. C.P.[3] That notice triggers operation of pertinent provisions of Article 40.09 relative to the record on appeal. When approved by the trial court the record is forwarded to the appropriate appellate court, *id.,* § 8. Upon the appellate record being received and filed jurisdiction of the appellate court attaches to the exclusion of that of the trial court (except for matters of bail). Article 44.11. While the statute prescribes a format for content of an appellate brief, Article 40.09, § 9, and courts have invented all sorts of devices to circumscribe review of claimed errors, neither this Court nor any predecessor appellate court for criminal matters in this State has ever suggested that it is without jurisdiction over a cause unless and until a brief is filed by appellant. To the contrary former Article 856 provided an option to be heard by brief, oral argument or both; Article 44.33(b) now instructs that we are not to refuse to consider appellant's case on appeal on account of his failure to file a timely brief. See 5 Tex. Jur.2d 538, § 335: "[G]enerally failure to file a brief will not result in dismissal . . ."

After jurisdiction attaches to a particular cause, a broad scope of review and revision has been asserted by appellate courts of this State[4]—one that is still recognized, acknowledged and confirmed by the Legislature. Thus, Article 44.24(b) alludes to ap-

---

3. All citations of articles are in the code of criminal procedure unless otherwise indicated.

4. E.g., *Moreno v. State,* 114 Tex.Cr.R. 559, 26 S.W.2d 652 (1930): "This court can only sit in review upon matters of error either fundamental *or* which are properly raised upon the trial, and properly brought before us." *Id.,* at 653.

See also *Doyle v. State,* 631 S.W.2d 732, 739–744 (Tex.Cr.App.1982) (Clinton Concurring); *Wilson v. State,* 625 S.W.2d 331, 333–336 (Tex. Cr.App.1981) (Clinton Concurring); *Sattiewhite v. State,* 600 S.W.2d 277, 283–284 (Tex.Cr. App.1980) (Opinion on Rehearing).

pellate judgments and orders "as the law and nature of the case may require," and Article 44.25 to reversals "as well upon the law as upon the facts." For a comparison with former articles see *Doyle v. State,* supra, note 4 (Clinton Concurring) notes 5 and 6 and accompanying text. So, even though *enabling* legislation is not needed, we have it.

For these reasons the opinion and judgment of the Dallas Court of Appeals are correct, and upon that basis are approved. The judgment of the court of appeals is affirmed.