Brown v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-057-CR

     MICHAEL WAYNE BROWN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 90-809-C
                                                                                                    

OPINION ON REHEARING 
                                                                                                    

      In a motion for rehearing, Michael Wayne Brown asserts that we erred in failing to consider
whether the wearing of a leg brace, and questioning about the brace, was fundamental error. He
also contends that we erred in not allowing him to file a supplemental brief raising the issue of
ineffective assistance of counsel.
      At trial, Brown apparently appeared before the jury under the physical restraint of a type of
leg brace that could be concealed beneath his trouser leg. Brown did not object to wearing the
brace, and there is no evidence in the record that the jury saw the physical restraint. In cross-examining him about the offense, the State briefly questioned Brown about the effects of the brace,
without objection.
      Because he did not object, Brown did not preserve his complaint for appellate review. See
Tex. R. App. P. 52(a). Almost every right, constitutional and statutory, may be waived by the
failure to object. Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Brown asserts
that the error was fundamental and may be addressed for the first time on appeal, despite the lack
of a trial objection.
      This court has jurisdiction to entertain unassigned fundamental error in a criminal case. See
Carter v. State, 656 S.W.2d 468, 468 (Tex. Crim.App. 1983). Once jurisdiction is invoked, our
appellate review is limited only by our own discretion or a valid restrictive statute. See id. at 469. 
Fundamental error affecting substantial rights of a defendant may be addressed even though it was
not brought to the attention of the trial court. Tex. R. Crim. Evid. 103(d). Having carefully
reviewed the entire record, we do not find that questioning Brown about the effects of the brace
was fundamental error requiring our reversal of his conviction under Rule 103 without preserved
error. See Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).
      As set forth in our opinion, we recognize that an accused should not be compelled to go to
trial in jail clothing because it might impair the presumption of innocence. See Estelle v. Williams,
425 U.S. 501, 505, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976). To preserve the error,
however, an accused must object before or during trial to being compelled to wear jail clothing. 
Id. at 509-10, at 1694. Likewise, the constitutional presumption of innocence is infringed when
the jury sees the accused in handcuffs or shackles. Long v. State, 823 S.W.2d 259, 282 (Tex.
Crim. App. 1991). However, a momentary, inadvertent, and fortuitous encounter outside of the
courtroom between a handcuffed accused and jurors does not necessarily call for a mistrial or
reversal. Clark v. State, 717 S.W.2d 910, 919 (Tex. Crim. App. 1986). 
      We have reviewed the entire record and do not find that his wearing a concealed brace was
error so "fundamental" as to justify our reversal of the conviction without preserved error. See
Tex. R. App. P. 52(a); Briggs, 789 S.W.2d at 924. 
      Appellate counsel for Brown filed a brief on June 10, 1991. The State filed its response brief
on July 5th. Brown filed a pro-se motion for an extension of time to file a supplemental brief on
August 8 in which he alleged that his trial counsel had been ineffective in failing to object to the
leg brace, in failing to file pretrial motions, and in failing to properly prepare for trial. We denied
the motion on August 28th.
      Submission and oral argument were set for December 18. Apparently, appellate counsel
telecopied a motion and supplemental brief to the State on December 16, raising the issue of
ineffective assistance of counsel. On December 17, the State filed a motion opposing Brown's
supplemental points. Brown's counsel actually filed the motion for leave to file a supplemental
brief on December 18, the date of oral arguments. The motion was denied January 8, 1992.
      Rule 74(o) of the Rules of Appellate Procedure allows briefs to be amended "at any time when
justice requires." Tex. R. App. P. 74(o). As to Brown's pro-se request to file a supplemental
brief, an appellant has no right to hybrid representation when he is represented by counsel who
files a brief. Rudd v. State, 616 S.W.2d 623, 625 (Tex. Crim. App. [Panel Op.] 1981). As to
whether we should consider matters raised in a supplemental brief, that decision is within our
discretion, absent exceptional situations involving constitutional restraints or "the interest of
justice." See Rochelle v. State, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990).
      Brown alleges that, by refusing to consider his supplemental brief, we have effectively
foreclosed appellate review of his claims. However, he may bring his claim of ineffective
assistance of counsel by way of a writ of habeas corpus. See Ex parte Duffy, 607 S.W.2d 507,
512-13 (Tex. Crim. App. 1980). In many cases involving claims of ineffective assistance of
counsel, the record on appeal does not adequately reflect the alleged failings of trial counsel. Id.
at 513. In these situations, the collateral attack of habeas corpus may be the best method by which
a thorough and detailed examination of alleged ineffectiveness may be developed. Id. 
      We deny Brown's motion for rehearing.
 
                                                                                     BILL VANCE
                                                                                     Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Motion for rehearing denied
Opinion delivered and filed April 22, 1992
Do not publish 
            
  



he then watched him closely during the next two or three minutes as
he proceeded to walk from the entrance to the cash register and then demand the "big bills" from
Harcrow. See Holder v. State, 837 S.W.2d 802, 804 (Tex. App.—Austin 1992, pet. ref'd) (two
to three minutes ample time to view assailant); Richardson v. State, 730 S.W.2d 371, 373 (Tex.
App.—Dallas 1987), rev'd on other grounds, 761 S.W.2d 13 (Tex. Crim. App. 1988) (less than
a minute is adequate if degree of attention is high). The extended amount of time Patricia had to
view Schroeder added to the reliability of her in-court identification. 
           2. Degree of Attention
          Patricia's attention was fixated upon Schroeder. She noticed him when he first entered the
store because he was the only person in the store besides herself, her family, and Harcrow. Her
attention was drawn even closer to Schroeder as he walked from the telephone booths to the cash
register because she spotted the pistol in his right hand. Patricia's concern for her own safety as
well as her family's compelled her to focus upon Schroeder's movements with the greatest degree
of attention. See Richardson, 730 S.W.2d at 373.
          3. Accuracy of Prior Description
          Patricia, before identifying Schroeder in the single photograph, described the robber as a
man with a long, drawn face, a prominent chin, long hair, and wearing sunglasses, blue jeans,
black shoes, a camouflaged jacket, and a white hat with lettering on it. The combination of the
accuracy of this physical description along with the specificity in her recollection of Schroeder's
apparel renders Patricia's subsequent identifications in the line-up and courtroom extremely
reliable. See Delk, 855 S.W.2d at 706-707; Navarette v. State, 875 S.W.2d 452, 454 (Tex.
App.—Corpus Christi 1994, no pet.); Richardson, 730 S.W.2d at 373.
          4. Certainty in Subsequent Identifications
          Patricia identified Schroeder three times after examining the single photograph. She
positively identified him during an in-person lineup which included Schroeder and five other men. 
Later, on the day of his trial, Patricia made two more positive identifications of Schroeder, once
during the hearing on Schroeder's motion to suppress and once during the guilt-innocent phase of
the trial. The certainty of Patricia's subsequent identifications indicates she was able to identify
Schroeder not from the single photograph but from her view of him during the robbery. See
Navarette, 875 S.W.2d at 454; Holder, 837 S.W.2d at 804.
          5. Time Between Crime and Identification
          Twenty-three days passed between the commission of the robbery and Patricia's
identification of Schroeder in the single photograph. Twenty-three days was a short enough time
where Patricia would not be expected to have forgotten Schroeder's appearance. See Turner v.
State, 850 S.W.2d 762, 767 (Tex. App.—El Paso 1993) (six months not excessive); Delk, 855
S.W.2d at 707 (eighteen months).
          Considering these factors we determine that the facts evident in the record support the trial
court's implicit finding that Patricia's in-court identification of Schroeder was independently
reliable and not the product of any taint from a preceding impermissible identification. 
Consequently, Schroeder's first point is overruled.
                                        II. SUFFICIENCY OF THE EVIDENCE
          In his second point Schroeder contends the evidence admitted at his trial was insufficient
to support the jury's implied finding the he was the man who robbed Duke's on March 20. We
disagree.
          The standard of review for challenges to sufficiency claims is whether, after viewing the
evidence in the light most favorable to the judgment, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Gunter v. State, 858 S.W.2d 430,
438 (Tex. Crim. App. 1993), cert. denied, -- U.S. --, 114 S.Ct. 318; Turner v. State, 805 S.W.2d
423, 427 (Tex. Crim. App. 1991), cert. denied, -- U.S. --, 112 S.Ct. 202. 
          Patricia Zimmerman identified Schroeder during the trial and provided testimony on his
actions in committing the robbery. Janet Monthie testified that she had seen Schroeder in Duke's
more than once during the day on March 20. Harcrow, while not able to identify Schroeder
positively, testified that the assailant was a man with physical characteristics similar to
Schroeder's. These facts are sufficient to support a rational trier of fact's finding beyond a
reasonable doubt that Schroeder was the man who robbed Duke's on March 20. Schroeder's
second point is overruled. Because we overrule Schroeder's two points, the judgment of the trial
court is affirmed.
 
                                                                                 BOBBY L. CUMMINGS,
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 16, 1994
Do not publish