# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00088-CR

**Christopher Hall, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
NO. A-00-0221-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING**

---

### DISSENTING OPINION

---

Appellant was convicted by a jury of the offense of possessing more than five pounds but less than fifty pounds of marihuana. *See* Tex. Health & Safety Code Ann. ' 481.121 (West Supp. 2002). He appeals, complaining solely that he received ineffective assistance of counsel below, pointing out specific instances which he argues reflect deficient legal representation, and asking that we grant him a new trial. Instead, the majority *sua sponte* reviews the legal sufficiency of the evidence the jury found sufficient to convict appellant, finds the evidence to be legally insufficient, reverses the conviction, and renders an acquittal, all on a point of error not raised by appellant. Because I disagree that we should consider the issue and further disagree that the evidence is legally insufficient, I respectfully dissent.

Without statistics to support the proposition, it bears little argument that a vast majority of criminal appeals contain an attack on the sufficiency of the evidenceCwhether legal, factual, or bothCaswell

as a complaint about the effectiveness of trial counsel.  These are the most common complaints on appeal; only legal sufficiency requires an acquittal.  *See Compton v. State*, 607 S.W.2d 246, 249 (Tex. Crim. App. 1979).  Appellant complained only of the ineffectiveness of his trial counsel, a complaint which if sustained would entitle him to a new trial as he requested.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The majority recognizes that appellant does not complain of the legal sufficiency of the evidence; nevertheless, the majority takes it upon itself to exercise its Adiscretion@ to assert the complaint it believes appellant should have asserted.  It does so under a line of cases suggesting that once the appellate court has jurisdiction over an appeal it has the discretion to consider unassigned error.  Although I do not question that there are instances where, in the interest of justice, the court should consider unassigned error, I believe those are special situations that require the court to exercise special care.

The majority does not cite to, and we are unable to find, a single case in which an appellate court has considered the legal sufficiency of the evidence as unassigned error.  The cases relied upon by the majority all address rare circumstances where, for example, the record reflects some fundamental error depriving the accused of a fair trial, the trial court lacked jurisdiction, or the indictment or judgment were void.  *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (acknowledging court of appeals=s jurisdiction to address unassigned fundamental error but reversing its decision because issue not preserved for appeal); *Pierce v. State*, 780 S.W.2d 277, 280 (Tex. Crim. App. 1989) (affirming court of appeals=s ruling in contempt proceeding that due to lack of service trial court lacked in personam jurisdiction over appellant and *sua sponte* holding that order was neither commitment nor warrant and therefore did not

authorize appellant=s arrest); *Perry v. State*, 703 S.W.2d 668, 670 (Tex. Crim. App. 1986) (holding court of appeals Ahad both jurisdiction and authority to review as unassigned error the issues whether there was suggestive pretrial investigative identification and, if so, whether this tainted the in court identifications *to such an extent that it deprived the appellant of a fair and impartial trial*@) (emphasis added); *Carter v. State*, 656 S.W.2d 468, 469-70 (Tex. Crim. App. 1983) (affirming court of appeals=s jurisdiction to set aside void judgment and determine indictment fundamentally defective and nullity despite appellant=s failure to file brief); *Frost v. State*, 25 S.W.3d 395, 399 (Tex. App.CAustin 2000, no pet.) (considering unassigned egregious fundamental error where jury charge inquired about aggravating factor not charged in indictment and failed to submit indicted offense); *Rodriguez v. State*, 939 S.W.2d 211, 219-20 (Tex. App.CAustin 1997, no writ) (reviewing as unassigned error authority of trial court to defer adjudication of guilt after defendant=s plea of not guilty and jury=s guilty verdict resulting in void judgment). The record of the present case does not reflect any such fundamental error or procedural infirmity denying appellant a fair trial.

Under the majority=s reasoning, we could rewrite every appellate brief where the appellant fails to lodge the most common of complaints. Had he wished to do so, appellant could have challenged the legal sufficiency of the evidence presented against him. He did not. In light of the complete absence of precedent for considering the legal sufficiency of the evidence as unassigned error, we should not.

Further, considering the evidence in the light most favorable to the State, as we are required to do, I cannot say that the evidence in the record is legally insufficient such that no rational jury could have found appellant guilty of the offense charged beyond a reasonable doubt. A legal sufficiency review calls

3

upon the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Staley v. State*, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). This standard of review is the same for both direct and circumstantial evidence. *Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

The majority reviews the evidence and determines that it provides no affirmative link between appellant and the contraband in his co-defendant≠s automobile. I disagree.

During appellant≠s trial, several law enforcement officials testified to a common scheme and mode of operation increasingly employed by criminals transporting quantities of controlled substances on highways. The plan requires two individuals acting in concert and employs two separate vehicles. The offenders store the contraband in the second car. The two vehicles then travel together in close proximity, with the first vehicle acting as a decoy. In the event they encounter law enforcement, the front vehicle begins driving in an erratic or illegal manner designed to attract attention and cause the law officials to stop the first vehicle, thereby enabling the second car containing the contraband to proceed past the officials unnoticed and avoid detection.

On December 17, 1999, narcotics officers in Tom Green County received information from a reliable informant that Christopher Hall and Simon Riley were currently engaged in a criminal enterprise, and that on the day before the two men had rented two vehicles from Enterprise Rent-A-Car in San Angelo for the purpose of going to El Paso and returning to San Angelo employing this common mode of operation.

4

The informant stated that the two vehicles were rented on December 16 and that the two men had traveled to El Paso the same day and would be returning on the afternoon of December 17. The informant gave very specific information as to the particular automobiles each would be driving, the highway on which they would return to town, and which driver and vehicle would be in the lead. The officials investigated the information and discovered that the two men had in fact rented the two vehicles from the same Enterprise office in San Angelo on December 16.

The afternoon of December 17 officials drove outside San Angelo about eight miles to await the cars= return. The evidence shows that the two vehicles were traveling toward San Angelo about two or three minutes apart. Appellant was in the lead vehicle as the informant had stated. When officers saw the first vehicle driven by appellant, they turned about and began following appellant toward town. He immediately began driving his vehicle in an erratic manner, weaving in and out of traffic, and speeding at rates of sixty to ninety miles per hour, requiring some other vehicles on the road to move to the shoulder to avoid him. Within two or three minutes, other officers spotted the second vehicle, followed it, and eventually, both were stopped. Although appellant=s vehicle contained no contraband, it had the strong smell of burnt marihuana; Riley was driving the second vehicle in which was hidden almost forty pounds of marihuana.

Each vehicle contained copies of the papers showing their respective rental from the Enterprise office in San Angelo; appellant=s contained his receipt and Riley=s vehicle contained his receipt. Appellant claimed that he had been to Las Cruces to visit a female friend, although the number of miles traveled since the car had been rented was less than that trip would require but matched the number of miles required for a trip to El Paso and back. Appellant=s vehicle contained a receipt for payment to a motel in El

5

Paso the night of December 16 for AChris Hull@showing a fictitious San Antonio address but a San Angelo zip code.  Appellant admitted to having smoked marihuana earlier in the day but denied knowing that Riley had marihuana in his car.  In fact, he denied any knowledge that Riley was traveling on the same highway at all and further denied knowing Riley=s last name.  The evidence, however, shows that the two men had been business partners in an enterprise with a rented business location for at least seven months earlier in 1999, and each vehicle contained their mutual and identical business cards reflecting both their first and last names on each card.  One narcotics officer testified that he had been investigating appellant and Riley since April and had their business premises under surveillance over a period of several months during 1999.  The evidence also shows that appellant and Riley each had his own vehicle, yet they each rented vehicles on this particular occasion.  Documents in the record at the punishment stage show that during the last three months or so, appellant, an otherwise unemployed student, had rented vehicles from the same Enterprise office at a cost of over $9000, including some large sums paid in cash.

Appellant was indicted for possession of the marihuana found in Riley=s vehicle, on the theory that the two men had acted in concert and that appellant knew of the contraband in Riley=s vehicle and exercised care, custody, and control over the contraband by his action in trying to protect Riley from being stopped so that the contraband could remain undetected.  The only other explanation the jury could believe from the evidence was that the two men unknowingly rented vehicles the same day from the same office, both drove West, and both returned to San Angelo within three minutes of one another the next day, all by some unexplained and remarkable set of coincidental circumstances.  Appellant admitted smoking marihuana and his vehicle smelled of it; he disavowed knowledge that Riley=s vehicle contained marihuana; he denied knowing of Riley=s presence on the road and denied knowing his name, even though the two had

6

been business partners for most of the year. Yet, for some unexplained reason, appellant suddenly began driving erratically at high speeds, endangering himself and other innocent drivers on the road, as soon as the officers began following him.

Although these facts may not fit the classic pattern of affirmative links necessary to prove possession of drugs not in one person=s exclusive possession, I would hold the evidence legally sufficient such that a rational jury could consider the circumstantial evidence and draw reasonable inferences therefrom and thereby find appellant guilty of the offense of possession beyond a reasonable doubt. I therefore dissent.[1]

**Marilyn Aboussie, Chief Justice**

**Before Chief Justice Aboussie, Justices B. A. Smith and Puryear**

**Filed: July 26, 2002**

**Publish**

---

[1] From my review of the record, but for reasons different from the majority, I would grant appellant a new trial based upon his complaint of ineffective assistance of counsel.