NO. 12-01-00365-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MACEE DION GREEN,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #1


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Macee Dion Green appeals his conviction for possession of marijuana. He entered a no
contest plea without a plea bargain. The trial court sentenced him to 120 days in jail and a $500.00
fine. In four issues, Appellant contends that the trial court abused its discretion when it refused to
hold a hearing on his motion for new trial. We affirm.


Background

 Appellant was charged with possession of less than two ounces of marijuana. He signed a
document stating he had read and understood the court's admonishments, waived the right to a jury,
and consented to the stipulation of evidence. In that document he states that he desires to enter a plea
of no contest. The document indicates the plea was entered without a plea bargain. Appellant also
stated in open court that he did not wish to have a jury trial. He said he wanted to plead no contest
and allow the trial court to assess punishment. He told the judge he understood what he was doing
and that he was entering his plea freely and voluntarily. The parties stipulated to the evidence. The
judge found the evidence sufficient to substantiate a finding of guilt, ordered a pre-sentence
investigation report, and recessed. Later, after the pre-sentence investigation report was completed, 
the parties returned to court. The trial judge found Appellant guilty and assessed punishment at 120
days in jail and a $500.00 fine. On that same day, Appellant filed a notice of appeal. Thirty days
later, Appellant filed a motion for new trial asserting that his plea was not voluntary. No hearing was
held on the motion and it was overruled by operation of law seventy-five days after imposition of
sentence.


Jurisdiction

 In his second issue, Appellant contends the trial court abused its discretion when it
determined that it did not have jurisdiction to hear the motion for new trial because the notice of
appeal had been filed. He argues that, although the motion for new trial was filed after the notice
of appeal, the motion for new trial was timely filed within thirty days after the day sentence was
imposed. Therefore, he argues, the notice of appeal was a prematurely filed document and should
be deemed filed on the ninetieth day after imposition of sentence. Moreover, he asserts, because the
motion for new trial was timely filed, the trial court had jurisdiction to hear the motion. In his third
issue, Appellant asserts the trial court erred in determining that it did not have jurisdiction to
consider his motion for new trial. He argues that it is the filing of the record in the appellate court,
not the filing of the notice of appeal, that deprives the trial court of jurisdiction. Therefore, he
argues, because he filed his motion for new trial before the reporter's record was filed, the trial court
had jurisdiction and abused its discretion in failing to hold a hearing on his motion.

 Jurisdiction concerns the power of a court to hear and determine a case. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). While the Rules of Appellate Procedure do not establish
courts of appeals' jurisdiction, they provide procedures which must be followed by litigants to
invoke the jurisdiction of the courts of appeals. Id. at 523. Jurisdiction of an appellate court is
invoked in a criminal case by giving notice of appeal against a judgment of the trial court pursuant
to rule 25.2(a). Tex. R. App. P. 25.2(a); Carter v. State, 656 S.W.2d 468, 469 (Tex. Crim. App.
1983). That notice triggers operation of rule 25.2(e) which provides that once the record has been
filed in the appellate court, all further proceedings in the trial court, except as provided otherwise
by law or the rules of appellate procedure, are suspended until the mandate issues. Tex. R. App. P.
25.2(e). Accordingly, when the appellate record is received and filed in the appellate court,
jurisdiction of the appellate court attaches. Green v. State, 906 S.W.2d 937, 939 (Tex. Crim. App.
1995); Carter, 656 S.W.2d at 469. The appellate record consists of the clerk's record and, if
necessary to the appeal, the reporter's record. Tex. R. App. P. 34.1.

 Appellant has not directed our attention to the place in the record showing the trial court's
determination that it did not have jurisdiction to hear the motion for new trial or reflecting any
explanation for not holding a hearing on the motion. Upon reviewing the record, we found no such
determination or explanation. However, we will address the issue of jurisdiction. 

 Appellant filed his notice of appeal on December 4, 2001, the same date sentence was
imposed. The clerk's record was filed on December 13, 2001and a supplemental clerk's record was
filed on December 17, 2001. Appellant filed his motion for new trial on January 3, 2002. Additional
supplements to the clerk's record were filed on January 9, 2002 and February 11, 2002. The
reporter's record was filed on April 5, 2002. 

 The motion for new trial was timely. See Tex. R. App. P. 21.4(a). Although the notice of
appeal was filed first, the filing of a notice of appeal does not divest the trial court of its jurisdiction
to act on an otherwise timely filed motion for new trial. McIntire v. State, 698 S.W.2d 652, 657
(Tex. Crim. App. 1985). As the complete record was not filed until after Appellant filed his motion
for new trial, the trial court had jurisdiction to hold a hearing and consider the motion. However,
that alone does not require a finding that the trial court abused its discretion in failing to hold a
hearing.


Necessity of Hearing

 In his first issue, Appellant asserts the trial court abused its discretion in refusing to hold a
hearing on his motion for new trial in which he asserted ineffectiveness of counsel. He argues that
his motion and affidavit indicate that a hearing is necessary to deduce facts not in the record
concerning the voluntariness of his no contest plea.

 In his fourth issue Appellant asserts his plea was involuntary because it resulted from
ineffective assistance of counsel. Acknowledging the strong presumption that counsel acted within
the wide range of reasonable professional assistance, and that he bears the burden of showing
counsel's performance was deficient, he argues that he must have a hearing on his motion for new
trial to adduce facts not in the record so he can overcome the presumption. He requests that we
remand the case for a hearing on his motion for new trial so he can then adequately present this issue.

 A plea of guilty or no contest is involuntary if it was induced by counsel's erroneous advice. 
See Ex parte Kelly, 676 S.W.2d 132, 134 (Tex. Crim. App. 1984). When a defendant challenges the
voluntariness of a plea contending that his counsel was ineffective, the voluntariness of the plea
depends on whether counsel's advice was within the range of competence demanded of attorneys
in criminal cases and, if not, whether there was a reasonable probability that, but for counsel's errors,
he would not have pleaded guilty and would have insisted upon a trial. Ex parte Moody, 991
S.W.2d 856, 857-58 (Tex. Crim. App. 1999). Generally, the issue of ineffective assistance of
counsel is not determinable from the record. Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim.
App. 1997). A motion for new trial hearing is the proper time to develop a record to demonstrate
ineffective assistance of counsel during trial. See id.

 It is within the trial court's discretion to hold a hearing on a defendant's motion for new trial. 
Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). However, if a defendant files an
affidavit in which he asserts reasonable grounds for relief not determinable from the record, he is
entitled to a hearing and the trial judge abuses his discretion in failing to hold a hearing. Id. To be
entitled to a hearing, the movant must support the motion with an affidavit specifically showing the
truth of the grounds asserted. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). While
the affidavit need not reflect every component legally required to establish relief, it must reflect that
reasonable grounds exist for holding that such relief could be granted. Jordan, 883 S.W.2d at 665. 
If the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory. Id.

 In his motion for new trial, Appellant asserted that his plea was not voluntarily made. The
motion was supported by an affidavit in which he swore that his trial counsel told him that if he
pleaded no contest he would receive deferred adjudication. He explained that he would not have
pleaded no contest if he had known he would not receive deferred adjudication. He stated that he
never wanted to plead guilty and receive a conviction. He asserted his plea was not freely,
voluntarily, or intelligently made.

 Appellant's affidavit is conclusory and fails to adequately describe the basis for a
determination that his counsel was ineffective. Appellant's conclusory statement that his counsel
was ineffective by assuring him that he would receive deferred adjudication does not show the truth
of his assertion and is insufficient to support a finding that his counsel was ineffective. See id. The
motion and supporting affidavit are not sufficient to put the trial court on notice that reasonable
grounds existed to believe counsel's representation may have been ineffective. Id. Accordingly, the
trial court did not abuse its discretion by failing to hold a hearing on the motion for new trial. See
id. We overrule Appellant's first, second, third, and fourth issues.


Conclusion

 Although Appellant's motion for new trial was timely, the supporting affidavit is not
sufficient to show he was entitled to a hearing. The trial court did not abuse its discretion by failing
to hold a hearing on Appellant's motion for new trial. 

 We affirm the trial court's judgment.




 SAM GRIFFITH 

 Justice



Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.











(DO NOT PUBLISH)