

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00144-CR

_____

BENJAMIN SHANNON RHODES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 17976

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

During Benjamin Shannon Rhodes' trial concerning revocation[1] of his community supervision based on his alleged assault of his wife, Jackie, Rhodes' counsel attempted, but was denied some of his efforts, to cross-examine Jackie. At trial, the arguments regarding the excluded testimony were solely about its relevance. On appeal, Rhodes argues only that he was denied due process when the trial court denied him the opportunity to elicit testimony from Jackie that she had said she would see Rhodes back in prison. Because (1) a due process issue was not preserved and (2) excluding the evidence based on relevance would not be harmful, we affirm the trial court's judgment.

Rhodes' attempted cross-examination of Jackie sought statements she had made before the time of the reported assault that she was "going to see Shannon [Rhodes] back in prison." The trial court sustained the State's relevancy objection on two different occasions. Rhodes' sole issue on appeal is that the trial court violated his right to due process by excluding the evidence.

*(1)    A Due Process Issue Was Not Preserved*

In order to preserve error for appellate review, an appellant must "let the trial judge know what he wants, why he thinks himself entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) ("Straightforward

[1]On June 16, 2003, a jury had convicted Rhodes of manslaughter and assessed a sentence of ten years' incarceration. The sentence was probated, and Rhodes was placed on ten years' community supervision. On June 19, 2012, the State filed its motion to revoke, alleging that Rhodes committed assault against Jackie by striking her in the head with a broom handle.

2

communication in plain English will always suffice."); *see* TEX. R. APP. P. 33.1; *see also Everitt v. State*, No. PD-1693-11, 2013 Tex. Crim. App. LEXIS 255 (Tex. Crim. App. Feb. 6, 2013) (rejecting "hyper-technical requirements for preservation"). Rhodes' arguments during cross-examination were as follows:

> [Defense Attorney]: Earlier that day you went over to the home of Frank and Sandra Bush and did some damage to a lawnmower, didn't you?

> [State's Attorney]: Objection, relevance.

> [Witness]: No.

> THE COURT: Sustained.

> [Defense Attorney]: Your Honor, the relevance is that the entire incident is a continuing series of claims by Mrs. Rhodes that escalated with this allegation that Mr. Rhodes hit her during this time that she dumped his blood pressure pills on the floor. It didn't happen -- it didn't start when he got home; it started earlier that day. There were allegations made -- there were statements made, that she made, to the effect that I'm going to see Shannon back in prison, or words to that effect. That's what I'm trying to bring out.

> THE COURT: Overruled. Not overruled. Sustained.

> . . . .

> [Defense Attorney]: Okay. What happened earlier in the day?

> [State's Attorney]: Objection to relevance.

> THE COURT: Sustained.

> [Defense Attorney]: Your Honor, this is a series of events that led up to the claim for which my client is being -- attempting to be revoked. It is completely relevant to why this happened and what is going on.

> THE COURT: I want to hear if we saw him hit her in the head with a broom handle. I don't have to have why he hit her in the head. I want to know if he hit her in the head.

3

Rhodes focused his argument before the trial court entirely on whether the evidence was relevant; thus, he preserved error concerning whether the evidence was admissible as impeachment evidence based on bias. Rhodes' trial counsel did not reference the Due Process Clause or even make a claim that the ruling was fundamentally unfair. The argument was insufficient to inform the trial court that a violation of due process was being alleged. To preserve error for appellate review, the trial objection must comport with the issue raised on appeal. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). The due process argument has not been preserved for appellate review.

*(2)    Excluding the Evidence Based on Relevance Would Not Be Harmful*

But what about a possible error under the Texas Rules of Evidence?[2] The first related question is whether any issue concerning the Texas Rules of Evidence has been assigned for our review. "The standards of procedural default . . . are not to be implemented by splitting hairs in the appellate courts." *Lankston*, 827 S.W.2d at 909. The Texas Rules of Appellate Procedure require that issues be "construed liberally" and that every subsidiary question which is fairly included must be addressed. *State v. Bailey*, 201 S.W.3d 739, 743–44 (Tex. Crim. App. 2006); *see Gilbert v. State*, No. PD-1645-08, 2010 Tex. Crim. App. Unpub. LEXIS 99 (Tex. Crim. App. Feb. 10, 2010) (not designated for publication)[3] ("briefing rules are to be construed liberally

---

[2]"The Rules of Evidence . . . apply fully in a Texas probation revocation hearing." *Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012).

[3]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

. . ."); *Ramirez v. State*, 301 S.W.3d 410, 419 (Tex. App.—Austin 2009, no pet.) ("We construe these points of error liberally. . . ."); *see also* TEX. R. APP. P. 38.1, 38.9.

The Rules, however, do not permit the issue to be completely rewritten. Although Rule 38.9 "gives the appellate courts some discretion in remedying 'substantive defects' in parties' briefs," the rule does not permit an appellate court to completely "re-frame" an issue. *Bailey*, 201 S.W.3d at 744. In other words, Rule 38.9 permits an appellate court to correct an appellate argument if the appellant or appellee does not get the law completely correct, but it does not permit the appellate court to change the issues raised. *See id.*; *see also* TEX. R. APP. P. 38.9.

Rhodes' challenge assigns only the due process argument for our review. The Texas Rules of Evidence are not argued or cited. Further, it is not necessary for us to decide whether the Texas Rules of Evidence would be fairly included as a subsidiary question of a general admissibility challenge. We have closely reviewed the brief and it does not contain any argument making a general challenge to the admissibility of the evidence. All of Rhodes' arguments specifically allege due process violations. The brief does not allege any general, nonspecific challenge to the trial court's ruling. Although we must liberally construe the issues, an issue that clearly urges only the Due Process Clause cannot be completely re-framed to allege error based on the Texas Rules of Evidence.

Even if an appellate issue had been assigned alleging error based on the Texas Rules of Evidence,[4] this case does not present reversible error. Assuming, without deciding, that the trial

---

[4]We have discretion to address unassigned error. *See, e.g.*, *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012) ("[A]ppellate courts may review unassigned error. . . ."); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) (reaffirming authority to address unassigned error, but noting it must be preserved); *Olivas v. State*, 202 S.W.3d 137 (Tex. Crim. App. 2006) (affirming review of unassigned jury charge error); *Wright v. State*, 981 S.W.2d

court erred in limiting the cross-examination,[5] any error would have been harmless. A violation of the Texas Rules of Evidence is reviewed under the standard for nonconstitutional error contained in Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007); *Smith v. State*, 355 S.W.3d 138, 152 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). We must disregard a nonconstitutional error that does not affect a criminal defendant's "substantial rights." TEX. R. APP. P. 44.2(b). An error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Harm has not occurred if the appellate court, after examining the record as a whole, "has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

Generally, any error in excluding evidence is harmless if the same testimony or similar testimony was later admitted without objection. *Womble v. State*, 618 S.W.2d 59, 62 (Tex. Crim. App. 1981); *Johnson v. State*, 925 S.W.2d 745, 749 (Tex. App.—Fort Worth 1996, pet. ref'd). Although the trial court limited the cross-examination in this instance, ample evidence that Jackie harbored ill will towards Rhodes was introduced. Rhodes was permitted to cross-examine

197, 199 n.2 (Tex. Crim. App. 1998) (appellate court may, in its discretion, consider unassigned error); *Carter v. State*, 656 S.W.2d 468 (Tex. Crim. App. 1983).

[5]Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401; *Cameron v. State*, 241 S.W.3d 15, 20 (Tex. Crim. App. 2007) (concluding impeachment evidence relevant). Even when the trial court gives the wrong reason for its decision, we will affirm the trial court "if the decision is correct on any theory of law applicable to the case." *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). Because the error is harmless, it is not necessary for us to determine whether the ruling would be correct under any theory of law applicable to the case.

Jackie concerning a different, but extremely similar statement, in which a note was left on a lawnmower she damaged. Jackie explained:

> Q. The note you left on the lawnmower said to the affect that, Shannon [Rhodes], I'm going to see you back in prison or words to that affect?
>
> A. No, my son wrote that one. My son and I both wrote the notes. I wrote one and he wrote one. The one I wrote said, this is for stealing my lawnmower when we first started dating. The one my son wrote said something about I hope you go to prison for what you did to my mom.

Jackie also admitted she was holding a grudge against Rhodes for "calling me a [c___] and whore and a bitch" and conceded, "Yeah, I've been holding some grudges." Also, the Bushes, the Rhodes' landlords from whose house Jackie called the police, testified that Jackie told them she was "going to call the law on [Rhodes] and that we would hate her for it."

The record contains ample evidence that Jackie harbored ill will towards Rhodes. The excluded evidence was merely cumulative of this evidence. Assuming the exclusion of evidence was error, our review of the record assures us the exclusion did not have a substantial or injurious effect or influence.

For the reasons stated, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 25, 2013
Date Decided:       April 30, 2013

Do Not Publish

7