**PELICAN ELECTRIC, INC. and Gerald Mallia, Appellants,**

**v.**

**H.A.S. CONSTRUCTION CO., Appellee.**

**No. B14–86–140–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 13, 1986.

Robert M. Moore, Galveston, for appellants.

Stephen A. Pitts, Galveston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a judgment rendered by the trial court in favor of H.A.S. Construction Company, appellee. According to the brief of Pelican Electric, Inc. and Gerald Mallia, appellants, the suit was brought by appellee on an alleged account with appellants for rental of a portable electric generator or, alternatively, for damages in quantum meruit. After a trial before the court, the court found that an implied contract existed between the parties and that appellants were unjustly enriched by the receipt of appellee's goods and services. The court further found that appellee's invoice amount of $2,427.50 for rental, fuel, delivery, maintenance and pickup was customary and reasonable according to industry and community standards. The court also awarded appellee $1,000 in attorney's fees.

Appellants bring three points of error: (1) the trial court erred in overruling the motion for new trial because there was no evidence that there was an implied contract between the parties to pay any sum of money for the use of the generator in question; (2) the trial court erred in awarding a judgment to appellee in the amount of $2,427.50 for the reasonable value of the services performed because there was no evidence presented as to the reasonable value of services performed and (3) the trial court erred in overruling the motion for a remittitur because there was no evidence that an implied contract existed between the parties to pay any sum of money for the use of the generator in question. We sustain appellants' points of error.

This court complies with Tex.R.App.P. 18(d)(3) and allows "any party or his attorney ... [to] obtain possession of the record on leaving the receipt required by subsection (1) ...." pending submission. This court demands, in turn, equal compliance with the Texas Rules of Appellate Procedure by any attorney or party who checks out a record from its office.

Texas Rule of Appellate Procedure 18(d)(5) provides, in part: "The attorney or party withdrawing any record, exhibits, or other papers before submission shall return them to the clerk promptly on demand and, in any event, not later than one day before submission." Mr. Stephen A. Pitts, counsel for appellee, failed to comply with this rule. On July 1, 1986, Pitts checked out three volumes of transcript and one volume of statement of facts from this office. Prior to submission of the case on October 23, 1986, an attempt to contact Pitts about the record was made by the clerk's office on October 17 at 2:00 p.m. A message was left with his wife stating that the record needed to be returned immediately. On October 20, three attempts were made to contact Pitts. On the third attempt, the same message was again left with Pitts's wife. On October 21, the clerk of the court again attempted to contact Pitts. Pitts returned the call and stated that the record would be returned the next day. On October 22, the clerk of the court contacted Pitts's wife and left the message that the record had not been returned. Finally, on October 23, three hours prior to submission, the one-volume statement of facts was returned to the court. This return was untimely. Further, the three volumes of transcript were returned on November 5, 1986. This return was also untimely. This court is left with no alternative other than to accept as true appellants' assertions in their brief and sustain their appeal.

Texas Rule of Appellate Procedure 18(d)(4) provides:

Original papers and exhibits sent up by order of the court below for the inspec-

tion of the appellate court, will be retained in the office, and will not be allowed to go out of the custody of the clerk, except by order of one of the justices or judges of the court, which order must be filed with the papers of the cause. Any party or attorney withdrawing such papers or exhibits shall leave a receipt identifying the papers or exhibits which he had received, and if he fails to return them, the court may accept the opposing party's statement concerning their nature and contents.

Although this rule states that it applies to original papers and exhibits, we hold it applies equally in a situation such as this where the record is not timely returned. Therefore, we reverse and render judgment that appellee take nothing because we accept as true appellants' statements that the record contains no evidence to sustain the judgment.

We further note that, after hearing oral argument from appellants on the merits of the case, we would have reversed and rendered on the merits of this case.

The judgment of the court below is reversed and herein rendered that appellee take nothing.