Carolyn S. Machalec **BARNES**, Appellant,

v.

**FIRST VICTORIA NATIONAL BANK, et al., Appellees.**

No. 13–94–091–CV.

Court of Appeals of Texas, Corpus Christi.

June 9, 1994.

Carolyn S. Machalec Barnes, Victoria, for appellant.

M. W. Meredith, Jr., Patrick R. Kasperitis, Meredith, Donnell & Abernethy, Dan L. Barber, Corpus Christi, Rodney P. Geer, Asst. Atty. Gen., Gen. Litigation Div., Austin, Thomas F. Nye, Richard W. Crews, Jr., Brin & Brin, Corpus Christi, Walter Mizell, Brown, Maroney & Oaks Hartline, Austin, Daniel C. Andrews, Jones, Kurth & Treat,

San Antonio, Cynthia T. Sheppard, Robert P. Houston, Houston, Marek & Griffin, Richard D. Cullen, Cullen, Carsner, Seerden & Cullen, Elliott H. Costas, Larry D. Woody, O. F. Jones, III, Glen Villafranca, Heintz, Villafranca & Villafranca, Victoria, for appellees.

## OPINION

PER CURIAM.

Appellant, Carolyn S. Machalec Barnes, perfected an appeal from orders of dismissal entered by the 267th District Court of Victoria County, Texas, in cause number 91–1–41,891–C. The transcript in this cause was received on May 3, 1994.

Upon inspection of the transcript, it appeared that the appeal was subject to dismissal for appellant's failure to comply with the trial court's order increasing bond. In accordance with Tex.R.App.P. 46(c), notice, pursuant to Tex.R.App.P. 60(a)(2), was given that this cause would be dismissed unless the appellant or any party desiring to continue the appeal, filed with the Court within ten days from the date of receipt of this Court's notice, a response showing grounds for continuing the appeal. Appellee Barbara Fritz has also filed a motion to dismiss the appeal on the same grounds noted by this Court.

On May 19, 1994, appellant filed a motion to check out the transcript and a motion for additional time to file a response showing grounds for continuing the appeal. In her motion, appellant complains that the denial of an opportunity to check out the transcript amounts to a denial of her right to adequately respond to the notice of intent to dismiss the appeal. In addition, she requests additional time to respond to the notice of intent to dismiss based on her asserted need to check out the transcript.

Tex.R.App.P. 18(c) sets out the duties of the clerk of the appellate court regarding custody of papers and provides that "the clerk shall be responsible for every record or other paper in a cause that is missing from his office, unless he can produce the receipt of an attorney for the same, ..." Rule 18(d)(3) specifically relates to the withdrawal of papers in pending cases not yet under submission and provides that "any party or

his attorney may obtain possession of the record on leaving the [required] receipt...." *See Pelican Electric, Inc. v. H.A.S. Const. Co.,* 720 S.W.2d 241 (Tex.App.—Houston [14th Dist.] 1986, no writ). However, the rules are silent concerning the restrictions which an appellate court may place on such possession, especially by a non-attorney, who is not an officer of the court subject to the same rules and standards of scrutiny as an attorney. Accordingly, this Court has followed the policy of allowing pro se parties to inspect the transcript only on the premises of the Court. Appellant has not alleged that she is unable to adequately inspect the transcript on the premises of this Court, nor has she alleged any specific disability to her being physically present at the Court for such an inspection. In the absence of some special circumstance that would make on-premises inspection impossible or impractical, this Court's policy is reasonable. Accordingly, appellant's motion to check out the transcript is denied. In addition, since the request for more time to respond to this Court's notice of intent to dismiss is contingent upon being allowed to check out the transcript, the motion for additional time to respond is also denied.

The Court, having examined and fully considered the documents on file and appellant's failure to comply with the trial court's order increasing bond, is of the opinion that the appeal should be dismissed. The appeal is hereby DISMISSED.