Jeffory Mark TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–96–141–CR.

Court of Appeals of Texas,
Waco.

Jan. 22, 1997.

Bennett Brantley Aufill, Hillsboro, for appellant.

John Segrest, Criminal District Attorney, Phil Martinez, Thomas C. West, Asst. District Attorneys, Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON APPELLANT'S MOTION FOR INSPECTION AND ON THIS COURT'S OWN MOTION TO CONSIDER WHETHER AN APPELLATE COURT MAY REVIEW A TRIAL COURT'S VERIFICATION OF THE ACCURACY OF THE RECORD

PER CURIAM.

On June 28, 1991, Jeffory Mark Taylor pled guilty to possession of a controlled substance, and the trial court assessed punishment at seven years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, probated for seven years, and a fine of $750. TEX. HEALTH & SAFETY CODE ANN. §§ 481.103(a)(3), 481.116(d) (Vernon 1992 & Supp.1997). However, on June 27, 1996, finding that Taylor failed to abide by the terms and conditions of his probation, the trial court revoked Taylor's probation and sentenced him to the original seven-year imprisonment. It is from this decision that Taylor appeals.

On September 11, 1996, Taylor filed a "Motion to Correct Transcript, Statement of Facts and For Preservation of Records" alleging that a question posed to the State's witness, Albert Rodriguez, Taylor's probation officer, on cross-examination had been omitted from the statement of facts. Taylor maintains he asked Rodriguez whether Rodriguez had made a recommendation to the trial court regarding Taylor's probation and that Rodriguez denied having made any recommendation. Pursuant to Rule 55(a) of the Texas Rules of Appellate Procedure, we issued an order on October 9, 1996, abating Taylor's appeal and directing the trial court to hold a hearing to determine whether the record was a complete and accurate rendition of the probation revocation hearing. *See*

TEX.R.APP. P. 55(a).[1] The trial court held the hearing on October 25, 1996. At the hearing, Taylor called six witnesses who all testified that, having been present in the courtroom during Taylor's revocation hearing, they heard Taylor's attorney ask Rodriguez if he had made a recommendation to the court regarding Taylor's probation. However, the court reporter who recorded the proceedings at the revocation hearing testified that, after comparing the transcribed statement of facts to an audio tape recording and to her stenographic notes, the transcription accurately reflected the proceedings and that no question was omitted. The court reporter's stenographic notes, corresponding computer disk, and the audio tapes of the revocation hearing were admitted into evidence and made part of the appellate record. The trial court then found that the record originally forwarded to this court was "a total, complete and accurate record of the proceedings."

■ Maintaining the trial court erred in its finding that the statement of facts is accurate, Taylor filed a "Motion for Inspection" with this court requesting that he be permitted to copy the audio tapes, the court reporter's stenographic notes and computer disk made during the revocation hearing.[2] Questioning our authority to review a trial court's verification of the accuracy of the record, we requested that both Taylor and the State submit briefs on the issue. Taylor contends he is entitled to review these exhibits in order to satisfy his burden on appeal of providing the appellate court with a sufficient record showing error requiring reversal.

TEX.R.APP. P. 50(d). The State maintains that any review of the record from the hearing held to determine the accuracy of the transcript would usurp the trial court's authority as the original fact-finder. The issue before us then is whether we, as an appellate court, can review the findings of the trial court made after the hearing on the accuracy of the statement of facts. We conclude that we may.[3]

■ Our jurisdiction over all criminal cases is constitutionally and legislatively created. TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. §§ 22.201(k), 22.211 (Vernon 1988 & Supp. 1997); TEX.CODE CRIM. PROC. ANN. arts. 4.01, 4.03 (Vernon Supp.1997); *see also Curry v. Wilson,* 853 S.W.2d 40, 45 (Tex. Crim.App.1993) (orig.proceeding); *Hoffman v. State,* 922 S.W.2d 663, 668 (Tex.App.— Waco 1996, no pet.). A criminal defendant invokes the jurisdiction of this court by timely filing a notice of appeal. *See* TEX.R.APP. P. 41(b); *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996); *Shute v. State,* 744 S.W.2d 96, 97 (Tex.Crim.App.1988). Once we acquire jurisdiction over a case, that jurisdiction embraces everything in the case and every question arising from it, *Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App. [Panel Op.] 1980) (original proceeding) (emphasis omitted), and the only limits to our function as a reviewing court are our own discretion and any restrictive legislative action. *See Harris v. State,* 818 S.W.2d 231, 233 (Tex.App.—San Antonio 1991, no pet.) (quoting *Carter v. State,* 656 S.W.2d 468, 469 (Tex.Crim.App.1983)); *see also Kieschnick v.*

1. Rule 55(a) sets out the procedure for correcting inaccuracies in the statement of facts. The rule reads, "Any inaccuracies may be corrected by agreement of the parties; should any dispute arise, after filing in the appellate court as to whether the statement of facts accurately discloses what occurred in the trial court, the appellate court shall submit the matter to the trial court, which shall, after notice to the parties and hearing, settle the dispute and make the statement of facts conform to what occurred in the trial court." TEX.R.APP. P. 55(a).

2. Taylor specifically requests that he be allowed to copy or photograph: (1) the audio tape of the revocation hearing; (2) the stenographic notes from the revocation hearing; (3) the correspond-

ing computer disk from the revocation hearing; (4) the audio tape of the hearing held on October 25, 1996, to determine the accuracy of the statement of facts of the revocation hearing; and (5) the transcript of the October 25, 1996 hearing. However, the audio tape of the October 25, 1996 hearing was not admitted into evidence at any point and is therefore not before us.

3. It is important to note, and we stress, that we are not acting as a fact-finding body by examining the evidence before us; we are simply reviewing whether the trial court's conclusion that the record of the revocation hearing is accurate is supported by the evidence adduced at the abatement hearing.

*State,* 911 S.W.2d 156, 163 (Tex.App.—Waco 1995, no pet.).

We have been unable to locate any statute limiting our review of a trial court's findings in a situation such as the one before us. Furthermore, because the audio tapes and the court reporter's stenographic notes and accompanying computer disk have been made part of the appellate record, we deem it prudent to review the evidence before us to determine if the trial court's findings are correct. *See Feldman v. Marks,* 40 Tex. Sup.Ct. J. 191, 193, —— S.W.2d ——, ——, 1996 WL 714328 (December 13, 1996) (court held that, whereas an appellate court should not reconstruct the record, the court "need not rely on presumptions when answers are at hand"). Consequently, having reviewed the evidence now before us, we conclude that the trial court's findings are correct and the statement of facts, as originally prepared, is complete and accurate.

We now turn to the question of whether Taylor has a right to inspect the requested materials. The Rules of Appellate Procedure mandate that "[o]riginal papers and exhibits sent up by the court below for the inspection of the appellate court, will be retained in the office, and will not be allowed to go out of the custody of the clerk, except by order of one of the justices or judges of the court, which order must be filed with the papers of the cause." TEX.R.APP. P. 18(d)(4); *see also Barnes v. First Victoria Nat'l Bank,* 878 S.W.2d 666, 667 (Tex.App.—Corpus Christi 1994, no writ) (court held that pro se appellant could inspect the appellate record but limited her examination to an on-premises inspection). It is axiomatic, though rarely articulated, that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *see also Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658–59 (Tex. 1992) (opinion overruling motion for leave to file petition for writ of mandamus). However, this right is not absolute. Every court has exclusive administrative authority over its own records and files and may deny access to them under certain circumstances as the court deems appropriate. *See Nixon,* 435 U.S. at 598, 98 S.Ct. at 1313; *Dallas Morning News,* 842 S.W.2d at 658–59. Taylor has made his request for inspection for the sole purpose of assuring that he has discharged his burden on appeal of supplying this court with a sufficient record. *See* TEX. R.APP. P. 50(d). Because we are satisfied the trial court's review of the record is correct, we believe, *in this particular case,* that an inspection by Taylor of the requested materials would be unnecessarily repetitive. Therefore, we deny Taylor's Motion for Inspection in regard to the requested materials.

The motion is denied.

VANCE, Justice, concurring on appellant's motion for inspection and on this court's own motion to consider whether an appellate court may review a trial court's verification of the accuracy of the record.

First, I do not believe that we have the authority to change the statement of facts after the trial court has certified that it "conform(s) to what occurred in the trial court." TEX.R.APP. P. 55(a). In other words, I would hold that the trial court's action is not subject to review. Even if we found that the statement of facts did not conform after a review of the materials before us, all we could do is abate the appeal again and direct the trial court to hold another hearing to determine an issue that it has already determined. *Id.* There is no reason to believe that the second hearing would have an outcome different from the first. Second, even if we have the authority to review the accuracy of the statement of facts because our jurisdiction extends to "every question" arising in the matter before us, we should exercise our discretion so as to not interfere with the trial court's determination of "what occurred" in that court. *See id.; Carter v. State,* 656 S.W.2d 468, 469 (Tex.Crim.App.1983).

I concur in the court's denial of Taylor's motion for an inspection of the materials used by the court reporter.