# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

June 14, 2004

The Honorable Ben W. "Bud" Childers
Fort Bend County Attorney
301 Jackson Street, Suite 728
Richmond, Texas 77469-3108

Opinion No. GA-0203

Re: Whether, in accordance with an order from the board of county court at law judges, a county clerk may redact Social Security numbers from documents available on the county clerk's website, although the numbers are not redacted from the hard copies of the same documents filed in the clerk's office (RQ-0154-GA)

Dear Mr. Childers:

On behalf of the Fort Bend County Clerk (the "Clerk"), you ask whether, in accordance with an order from a board of county court at law judges, a county clerk may redact Social Security numbers from documents available on the clerk's website, although the numbers are not redacted from hard copies of the same documents filed in the clerk's office.[1]

You explain that the Clerk has scanned all public documents filed in her office into the computer, where they are available to the public on the Clerk's website[2] and at a computer terminal in the Clerk's office. Request Letter, *supra* note 1, at 1-2. "[J]uvenile records and other records deemed confidential by law" have not been scanned into the computer and generally are not available to the public. *Id.* at 1. "The Board of County Court at Law Judges has ordered the County Clerk to redact Social Security numbers . . . from the imaged documents available" online, but the "judges do not want the Social Security numbers redacted from the paper copy maintained by the . . . Clerk for use by the judges and walk-in public customers who request to view the hard copy." *Id.* at 2. The Clerk has informed us that the order pertains only to case-related filings, although some case-related documents are placed in other records (for example, probate court case documents affecting the chain of title of real property may be placed among the real-property records).[3]

---

[1] *See* Letter from Honorable Ben W. "Bud" Childers, Fort Bend County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Dec. 23, 2003) (on file with the Opinion Committee, *also available at* http://www.oag.state .tx.us) [hereinafter Request Letter].

[2] *See* http://www.co.fort-bend.tx.us/Admin_of_Justice/County_Clerk.

[3] *See* Telephone conversation with Honorable Dianne Wilson, Fort Bend County Clerk, and Mary Reveles, Assistant Fort Bend County Attorney (May 4, 2004).

Your letter suggests that adhering to the order would affect the use of resources, including employees, in the Clerk's office:

> [A]t the time a request for a copy is made by a member of the public, a copy of the imaged document is printed and a deputy clerk certifies that copy . . . . This process saves the deputy clerks a great deal of time, as it does away with the need to locate a physical file, remove the requested document from the file, make the copy and put the file back together . . . . Additionally, in the event a specific file is not in the clerk's office, but is with a specific court, the requestor does not have to wait until the file is returned to the clerk's office to obtain copies. If the . . . Clerk is required to redact [Social Security] information from the imaged document, [she believes she will be] unable to certify that document as a certified copy of the original document on file.

Request Letter, *supra* note 1, at 2.

Based on the situation you have described, you pose three questions:

1. Whether the . . . Clerk may redact social security numbers only from the imaged court document available on the . . . Clerk's website of public documents filed in her office, rendering the information inaccessible to the public who view the documents on the internet?

2. Whether the . . . Clerk has the authority to designate a document filed in her office as the original document, contrary to the opinion of the County Court at Law Judges . . . as to what constitutes the original?

3. Whether the . . . Clerk is able to issue a certified copy of an imaged document [from which] certain information . . . has been redacted . . . ?

*Id*. at 1. Given the facts you provide, however, the ultimate issue is whether a county clerk must comply with the order of a board of judges (the "Board") to redact Social Security numbers on electronic copies of case-related documents filed in the clerk's office. This office typically does not consider the validity of a court order issued in a particular case. *See* Tex. Att'y Gen. Op. No. JC-0364 (2001) at 10. But the Board's order is not a court order. *See* Request Letter, *supra* note 1, at 2.

We consider the order only as it relates to Social Security numbers that are not confidential by law. In certain cases, statutes mandate the redaction of Social Security numbers, but we do not understand you to ask about situations in which Social Security numbers are subject to such statutes.

For example, federal law makes Social Security numbers confidential if the governmental body possessing the number obtained it or maintains it under a law enacted on or after October 1, 1990. *See* 42 U.S.C. § 405(c)(2)(C)(viii)(I) (2002). And in probate cases, although a court may request an applicant to produce information identifying the applicant or a decedent, including a Social Security number, the information may not be filed with the clerk; it must be maintained by the court. *See* TEX. PROB. CODE ANN. § 36(b) (Vernon 2003); *see also* TEX. CODE CRIM. PROC. ANN. art. 35.29 (Vernon Supp. 2004) (restricting the disclosure of jurors' Social Security numbers).

A county clerk is an elected officer, whose position is created under article V, section 20 of the Texas Constitution. *See* TEX. CONST. art. V, § 20. Under that provision, the county clerk "shall be clerk of the county . . . Courts," and the clerk's duties "shall be prescribed by the Legislature." *Id.* The county clerk is the custodian of county court records in civil and criminal cases and in probate matters. *See* TEX. LOC. GOV'T CODE ANN. § 192.006(a) (Vernon 1999); TEX. CODE CRIM. PROC. ANN. art. 2.21(a) (Vernon Supp. 2004) (listing a county clerk's duties in a criminal proceeding). And the clerk may receive papers filed in guardianship and mental-health actions. *See* OFFICE OF COURT ADMINISTRATION, COUNTY CLERK MANUAL V-7 through -8, -19, -28 (2003). The clerk provides an "attested," or certified, copy of an instrument recorded in the clerk's office in certain circumstances. *See* TEX. LOC. GOV'T CODE ANN. § 191.004(a) (Vernon 1999); *see also id.* §§ 118.011(a)(3), .014 (Vernon 1999 & Supp. 2004) (providing for fee for certified papers). Certification signifies that the copy is a "true copy." *Tex. Attorney Gen. v. Litten*, 999 S.W.2d 74, 78 n.7 (Tex. App.–Houston [14th Dist.] 1999, pet. denied) (quoting BLACK'S LAW DICTIONARY 287 (4th ed. 1968)); *see also* BLACK'S LAW DICTIONARY 337 (7th ed. 1999) (defining a "certified copy" as "[a] duplicate of an original document certified as an exact reproduction usu[ally] by the officer responsible for issuing or keeping the original").

As an elected officer, the clerk occupies a sphere of authority within which another elected officer may not interfere. *See Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.–Austin 1997, writ denied); *Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.–Houston [14th Dist.] 1991, no writ); Tex. Att'y Gen. Op. No. GA-0126 (2003) at 9. The clerk's sphere of authority encompasses authority over both (1) records in the clerk's office and (2) resources in and personnel employed in the clerk's office.

First, a clerk is, by statute, "custodian" of case-related records, with a statutory responsibility for keeping the records "properly indexed and arranged." TEX. LOC. GOV'T CODE ANN. § 192.006 (Vernon 1999); *see Hooten v. Enriquez*, 863 S.W.2d 522, 530 (Tex. App.–El Paso 1993, no writ) (stating that a clerk has the duty to manage, protect, and preserve records in the clerk's custody). The El Paso Court of Appeals has described the clerk as holding "'virtually absolute sway over the particular tasks or areas of responsibility entrusted to [the clerk].'" *Hooten*, 863 S.W.2d at 531 (quoting *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980)). Thus, for example, while a commissioners court may "provide for the establishment and operation of a computerized electronic information system through which it may provide on a contractual basis direct access to information" in the clerk's office, the commissioners court may do so "only if" the county clerk, as records custodian, "agrees in writing." TEX. LOC. GOV'T CODE ANN. § 191.008(a) (Vernon 1999). Similarly, the county commissioners court may not expend records management and preservation

fees, collected under sections 118.011(b)(2) and 118.0216 of the Local Government Code, without consulting with the county clerk. *See* Tex. Att'y Gen. Op. No. GA-0118 (2003) at 8; *see also* TEX. LOC. GOV'T CODE ANN. §§ 118.0211(b)(2), .0216 (Vernon Supp. 2004) (providing for the collection and use of records management and preservation fees).

Second, a clerk has authority to determine how to use resources allocated to the clerk's office to accomplish the clerk's constitutional and statutory duties. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 5. This includes authority to determine how personnel in the clerk's office use their time. *See* Tex. Att'y Gen. Op. No. GA-0037 (2003) at 3 (quoting Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4; *see also* Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4 (stating that an elected county officer has authority "to determine what activities constitute a legitimate use of an employee's time").

The Board's order in this case improperly infringes upon the Clerk's sphere of authority to accomplish constitutional and statutory duties, as well as upon her authority to determine how to use the resources, including personnel, allocated to her office. For example, the Board's order affects the Clerk's "exclusive and absolute discretion to develop policies and records management procedures that will preserve permanent records in the most efficient and cost-effective manner." *Hooten*, 863 S.W.2d at 531. The Board's order also affects the Clerk's authority to provide the public with access to records belonging to her office, as section 191.006 of the Local Government Code requires. *See* TEX. LOC. GOV'T CODE ANN. § 191.006 (Vernon 1999). Likewise, the Board's order affects the Clerk's decision that her employees' time is better spent responding to records requests by printing a hard copy of an exact electronic copy of the original, rather than finding the filed original, copying it, and returning it to the correct place in the file. A board of judges may not control a clerk's discretion in this way.

Moreover, case-related documents are generally presumed to be open to the public. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Taylor v. Tex.*, 938 S.W.2d 754, 757 (Tex. App.–Waco 1997, no writ) (quoting *Nixon*). Rule 76a of the Texas Rules of Civil Procedure establishes a presumption that court records generally "are . . . open to the general public." *See* TEX. R. CIV. P. 76a(1). Records of criminal proceedings are likewise presumed open to the public. *See* TEX. CODE CRIM. PROC. ANN. art. 1.24 (Vernon 1977) ("The proceedings and trials in all courts shall be public."); *Star-Telegram, Inc. v. Walker*, 834 S.W.2d 54, 57 (Tex. 1992) (stating that documents filed in a criminal action are, in accordance with article 1.24, "part of the public record"); *In re Thoma*, 873 S.W.2d 477, 496 (Tex. Rev. Trib. 1994, no appeal) (affirming "our judicial system's abiding commitment to providing public access to civil and criminal proceedings and records").

While the public's right to access judicial records is not absolute and a court has the power to supervise its own records, *see Nixon*, 435 U.S. at 598; *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex. 1992) (quoting *Nixon*); *Taylor*, 938 S.W.2d at 757, we believe that a court may limit public access to case-related documents only in accordance with statutes and rules of the Supreme Court of Texas or the Court of Criminal Appeals of Texas authorizing such limitations. *See* TEX. CONST. art. V, § 31(a), (c) (delegating rule-making authority to the supreme

court and court of criminal appeals).  For example, civil court records may be sealed, and information within therefore made inaccessible to the public, only in accordance with rule 76a of the Texas Rules of Civil Procedure, which requires a showing, among other things, of a predominant specific, serious, and substantial interest. *See* TEX. R. CIV. P. 76a(1).  Cases that have examined a court's authority to close certain records to the public have done so in the context of a motion that was fully aired by the court in specific cases. *See Nixon*, 435 U.S. at 595 (concerning a motion for the release of tapes); *Dallas Morning News*, 842 S.W.2d at 655 (concerning a motion to limit the disclosure of certain documents under rule 76a of the Texas Rules of Civil Procedure); *Taylor*, 938 S.W.2d at 754 (concerning a motion to inspect materials the trial court used in a hearing).  No statute authorizes a board of judges, or a court, to order the redaction of Social Security numbers on electronic copies of case-related documents, nor do we find any statute authorizing a court to issue a blanket order requiring certain information to be redacted from all electronic copies of case-related documents, without reference to a particular case.

We conclude that a board of judges has no authority to order a county clerk to redact Social Security numbers on the electronic copies of case-related documents.  A clerk need not comply with such an order.  Because we believe this conclusion resolves the situation in the Clerk's office, we do not answer your specific questions.

## S U M M A R Y

A board of judges has no authority to order the county clerk to redact Social Security numbers on the electronic copies of case-related documents. The county clerk is not required to comply with such an order.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee