[COMMENT1] 

 

 

 

 

 

                                      COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-04-551-CR

 

 

DAVID LAWSON FRANKLIN                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT
NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                       I.  Introduction       








David
Lawson Franklin was charged with one count of sexual assault of a child, four
counts of indecency with a child, and three counts of sexual performance by a
child.  A jury found Franklin not guilty
of sexual assault of a child, but convicted him on all seven other counts.  Franklin brings two issues alleging that the
evidence is legally insufficient to support the verdict.[1]


II. 
Background Facts

On
January 23, 2003, Franklin was at the Horizons Alternative School of the Fort
Worth Independent School District (FWISD) awaiting a call from the FWISD
regarding a substitute teacher=s aide position for that
date.  While Franklin waited, one of the
teachers at the school asked Franklin to watch his class while he walked down
the hall to check on another teacher. 
Franklin agreed and was present in the classroom for approximately
fifteen minutes.  Five days later, the mother
of a student in that classroom informed a representative of Horizon that her
son had reported that sexually inappropriate behavior had occurred while
Franklin was watching the classroom. 








At
trial, the students testified to the following events: (1) Franklin entered the
classroom while two students, fourteen-year old S.W. and D.S., were joking
around about having sex; (2) S.W. was the only girl in the classroom that day;
(3) Franklin turned the classroom lights off, locked the door, and said to the
boys in the classroom, Alet me show you how its done@; (4) Franklin pulled S.W. behind a bookshelf and had sex
with her; (5) Franklin was seen with his pants pulled down, while moving his
hips back and forth in a sexual manner; (6) D.S. had sex with S.W. behind the
bookshelf while Franklin acted as a lookout; (7) Franklin told the students
that the teacher was returning to the classroom; and (8) S.W. and D.S. quickly
pulled up their pants before the teacher entered the classroom. 

S.W.
initially denied that any such activity had taken place.  But at trial, S.W. testified that Franklin
pushed her back behind some bookshelves, pushed her down, pulled her pants
down, and had intercourse with her. 
However, four other students testified that S.W. did not struggle, fight
or yell out when Franklin had sex with her and that she Aseemed to go along with it.@ 
S.W. stated that she did not report Franklin because she was afraid that
he would lose his job if she told anyone about the incident. 

III.  Legal
Insufficiency

A.
Standard of Review








In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App.
2005).  This standard gives full play to
the responsibility of the trier of fact to resolve conflicts in the testimony,
to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443
U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

B.
Indecency with a Child








In
Franklin=s first issue, he argues that the
evidence is legally insufficient to support his conviction for indecency with a
child, in that the State failed to meet its burden of proof with regard to the
intent element of that offense.  We
disagree.  The offense of indecency with
a child consists of the following elements: 1) any touching of the anus,
breast, or any part of the genitals, 2) of a child, 3) younger than seventeen
years of age, 4) not the offender's spouse, and 5) with the intent to arouse or
gratify the sexual desire of any person. 
Tex. Penal Code Ann. '' 21.01(1)(B)(2), 21.11(a)(1) (Vernon Supp. 2005 &
Vernon 2003).  The specific intent to
arouse or gratify the sexual desire of a person can be inferred from conduct,
remarks, or all the surrounding circumstances. 
McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel
Op.] 1981).  Additionally, an oral expression
of intent is not required, and a defendant's conduct alone is sufficient to
infer intent.  Tyler v. State,
950 S.W.2d 787, 789 (Tex. App.CFort Worth 1997, no pet.).

Here,
Franklin was convicted of four counts of indecency with a child.  Counts two and three alleged that:

[Franklin] did then and there
intentionally, with the intent to arouse or gratify [his] sexual desire, . . .
engage in sexual contact by touching any part of the genitals of [S.W.], a
child younger than 17 years and not the spouse of [Franklin, or] by causing
[S.W.] to touch [his] genitals.

 

In counts seven and eight, the
State alleged that:

 

[Franklin], with the intent to
arouse or gratify his sexual desire, . . . engage[d] in sexual contact by causing
[D.S.] to touch any part of the genitals of [S.W.], a child younger than 17
years and not [Franklin=s] spouse, [or] by causing [S.W.]
to touch any part of the genitals of [D.S.]. 


 








Based
on the testimony of S.W. and the other students in the classroom, a jury could
have inferred that Franklin intended to arouse or gratify his sexual desire
based on his conduct, remarks, and all of the surrounding circumstances.  Thus, viewing this evidence in a light most
favorable to the jury's verdict, we find that there was some evidence upon
which a rational trier of fact could have found the essential elements of
indecency with a child beyond a reasonable doubt.  Therefore, we overrule Franklin=s first issue.

C.
Sexual Performance by a Child

In
Franklin=s second issue, he contends that
the evidence is legally insufficient to support his conviction for three counts
of sexual performance by a child.  To
convict a defendant for the offense of sexual performance of a child, the State
must show that the defendant, knowing the character and content thereof,
employs, authorizes, or induces a child younger than eighteen years of age to
engage in sexual conduct or a sexual performance.  Tex. Penal Code Ann.
' 43.25(b) (Vernon Supp.
2005).  Franklin argues that the
evidence is legally insufficient to support his conviction on all three counts.

1.
Count Five

The
State concedes that Athere is no evidence to support
count [f]ive, and requests that the judgment be [modified] as regards to count
five.@ Accordingly, we sustain Franklin=s second issue as to count five.

2.
Counts Four and Six








Franklin
argues that the evidence is legally insufficient to support his conviction on
counts four and six because the State failed to meet its burden of proof with
regard to the issue of whether Franklin Aemployed, authorized or induced@ sexual conduct or a sexual performance.  However when a statute such as this one,
defines alternative methods of manner and means of committing an element, and
the indictment alleges only one of those methods, the State must provide
sufficient evidence to prove the specific 
manner and means alleged in the indictment.  See Gollihar v. State  46 S.W.3d 243, 255 (Tex. Crim. App. 2001); Curry v. State  30 S.W.3d 394, 404 (Tex. Crim. App.
2000).  Here, count four of the
indictment alleged that Franklin committed the offense of sexual performance by
a child Aby authorizing . . . sexual
intercourse between [S.W.] and [Franklin, or] by authorizing the sexual organ
of [S.W.] to contact the sexual organ of [Franklin].@  Count six of the
indictment alleged that Franklin committed the offense of sexual performance by
a child Aby authorizing . . . sexual
intercourse between [S.W.] and [D.S., or] by authorizing the sexual organ of
[S.W.] to contact the sexual organ of [D.S.].@ 
Thus, the State limited itself to proving the offense of sexual
performance by a child based on the statutory manner and means of Aauthorized.@ 
Therefore, we limit our examination to whether the evidence was legally
sufficient to support Franklin=s conviction for sexual
performance of a child by Aauthorizing@ S.W. to engage in sexual conduct or a sexual performance.









The
term Aauthorized,@ is not defined by statute.  Therefore it must be given its common, ordinary, or usual
meaning.  Roise v. State, 7
S.W.3d 225, 242 (Tex. App.CAustin 1999, pet. ref'd), cert.
denied, 531 U.S. 895 (2000).  AAuthorize@ is defined as:  1) to give official approval to or
permission for; 2) to give power or authority to; 3) to empower or commission;
or 4) to give justification for or warrant. 
Webster=s New
World Dictionary 94
(2d College ed. 1986).  Consequently,
we must determine whether in common understanding, Franklin authorized S.W. to
engage in sexual conduct or a sexual performance with himself and/or with
D.S.  

a. Count Four

Using
the definition previously set forth, we find that the record contains some
evidence that Franklin authorized the sexual conduct between himself and
S.W.  According to the State=s evidence, Franklin was considerably older than S.W. and
was in a position of authority over S.W. because he was a substitute teacher=s aide. 
Additionally, the evidence shows that Franklin entered the classroom
while several students were discussing sex; joined in on the sexual
conversation that was taking place; closed and locked the door behind him;
turned off the classroom lights; and pulled S.W. behind a bookshelf and
voluntarily had sex with her.  Based on
this evidence, the jury could have believed that Franklin authorized the sexual
conduct between himself and S.W.  








Franklin
contends that no authorization occurred because S.W. testified that the sexual
conduct between herself and Franklin was not consensual. However, four
witnesses testified that S.W seemed willing to engage in sexual conduct with
Franklin and that she did not struggle or resist his advances.  And the jury is free to accept or reject any
or all of the evidence of either party, and any or all of the testimony of any
witness.  Hernandez v. State, 161
S.W.3d 491, 500 & n.28, 501 (Tex. Crim. App. 2005).

Therefore,
applying the commonly understood meaning of the word Aauthorize@ and reviewing the evidence in the
light most favorable to the verdict, we conclude that there was some evidence
to support a finding that Franklin authorized S.W.=s sexual conduct. 
The evidence is therefore legally sufficient to support Franklin=s conviction on count four of sexual performance by a
child.  Accordingly, we affirm the trial
court=s judgment as to this count. 

b. Count Six








As to count six, we also find some evidence that Franklin
authorized  S.W.=s sexual conduct with D.S.  The record reflects
that Franklin acted as a lookout while D.S. and S.W. were engaged in sexual
activity and that Franklin warned S.W. and D.S. that their teacher was about to
re-enter the classroom.  And, as stated
earlier, Franklin told D.S. that he wanted to Ashow [him] how it is done.@  From this
evidence, the jury could have reasoned that Franklin gave his Aofficial approval or permission@ of S.W.=s participation in the sexual
conduct with D.S.  As in our analysis of
count four, when applying the common understanding of the word Aauthorize@ and reviewing the evidence in the
light most favorable to the verdict, we conclude that there was some evidence
to support a finding that Franklin authorized S.W.=s sexual conduct with D.S.  The evidence was therefore legally sufficient to support Franklin=s conviction on count six of sexual performance by a
child.  Accordingly, we affirm the trial
court=s judgment as to this count. 

IV. 
Conclusion

Having
disposed of both of Franklin=s issues, we modify the trial
court=s judgment to delete the
conviction and sentence for sexual performance by a child as alleged in count
five of the indictment.  We affirm the
trial court=s judgment as modified.  Tex.
R. App. P. 43.2(b).

 

BOB MCCOY

JUSTICE

 

PANEL B:  DAUPHINOT, WALKER, and MCCOY, JJ.

 

DAUPHINOT, J. filed a dissenting
opinion.

 

PUBLISH

 

DELIVERED: March 23, 2006

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-551-CR

 

 

DAVID
LAWSON FRANKLIN                                                   APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 3 OF
TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------

This
case raises grave issues, but because the majority neither addresses them nor
abates to allow additional briefing, I am compelled to dissent.








Appellant
was charged in a ten-count indictment with indecency with a child, sexual
performance by a child, and sexual assault of a child.  The jury acquitted him of sexual assault but
found him guilty of two counts of sexual performance by a child and either two
or four counts of indecency with a child. (The jury also convicted on count
six, another count of sexual performance by a child, but both the State and
Appellant agree that the conviction should not stand on that count.  This dissent therefore does not address that
count.)  

Nonunanimous Verdicts

The
jury charge did not require a unanimous verdict on any of the following
counts:  counts two, three, seven, and
eight.  A jury instruction is erroneous
when it fails to require juror unanimity on at least one of the disjunctively
submitted offenses.[2]  The right to a unanimous jury verdict in a
criminal case is protected by both constitution and statute.[3]

In
Francis v. State,[4]
the Texas Court of Criminal Appeals noted,

In
United States v. Holley, the defendant was charged with two counts of
perjury, and each count alleged multiple statements.  At trial, the defendant objected to the jury instructions because
the court failed to instruct the jury that it must be unanimous as to one
particular statement in each count to find the defendant guilty.  His objection was overruled.

 








 The Fifth Circuit first examined the
importance of an unanimous jury verdict. 
An unanimous jury verdict ensures that the jury agrees on the factual
elements underlying an offenseCit is more than mere agreement on
a violation of a statute.  The unanimity
requirement is undercut when a jury risks convicting the defendant on different
acts, instead of agreeing on the same act for a conviction.[5]

 

Yet,
in the case now before this court, the jury was instructed to convict under
counts two and three if they found either beyond a reasonable
doubt and to convict under either count seven or eight if they
found either beyond a reasonable doubt. 
The jury charge also provided in pertinent part:

We, the Jury, find the Defendant,
DAVID LAWSON FRANKLIN, guilty of the offense of Indecency with a Child as
charged in Counts Two or Three of the indictment.

 

. . . .

 

We, the Jury, find the Defendant,
DAVID LAWSON FRANKLIN, guilty of the offense of Indecency with a Child as
charged in Counts Seven or Eight of the indictment.@ [Emphasis added.]

 

The
jury returned a guilty verdict in both instances.  It cannot be determined whether the jury found Appellant guilty
of indecency as charged in count two or count three or count seven or count
eight or all four counts or any combination thereof.  Moreover, it cannot be determined how many jurors voted guilty as
to each of these four counts. 
Nevertheless, the judgments in this case recite that Appellant was
convicted of counts two and three and seven and
eight.  No verdict supports these
judgments.  

 








Problems With Sexual Performance Statute

The
sexual performance statute itself, as drafted by our legislature, also presents
grave issues.  Although Asexual performance@ would appear to require a
performance, under the statute, a performance is not required.[6]  Section 43.25(b) of the Texas Penal Code
provides, 

A
person commits an offense (sexual performance by a child) if, knowing the
character and content thereof, he employs, authorizes, or induces a child
younger than 18 years of age to engage in sexual conduct or a sexual
performance.[7] 

 

Sexual conduct is defined as

 

actual or simulated sexual
intercourse, deviate sexual intercourse, sexual bestiality, masturbation,
sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any
portion of the female breast below the top of the areola.[8]

 








In
addition to count ten, which was waived, counts one and nine, the counts for
which he was acquitted, and count six, Appellant was charged with two counts of
sexual performance by a child on the Asexual conduct@ prongCby authorizing actual or simulated
sexual intercourse or genital-to-genital contact between the complainant and
himself (count four) and by authorizing actual or simulated sexual intercourse
between the complainant and S.T. (count five). 
Appellant was also charged with four counts of indecency with a childCby touching the complainant=s genitals (count two), by causing
her genitals to touch him (count three), as a party, by causing D.S. to touch
the complainant=s genitals (count seven); and,
without a party allegation, by causing the complainant to touch the genitals of
D.S. (count eight).

The
prosecution of this case equated Aauthorize@ with Acause,@ allowing conviction under multiple statutes for the same
act.  The indecency statute, sexual
assault statute, and sexual performance by a child statute all permit a conviction
for the act of sexual assault of a child in this case because the act of sexual
assault of a child, perforce, requires genital-to-genital contact.[9]  Whether the actor is charged as a party or
individually, he violates more than one statute for the same sexual
conduct.  The bizarre result in this
case is that Appellant was acquitted of Acausing@ the complainant=s sexual organ to contact his but
convicted for Aauthorizing@ actual or simulated sexual intercourse between them and
for Aauthorizing@ her sexual organ to contact his.

None
of these issues was raised on appeal or in the trial court.  Yet, in the interest of justice, they must
be addressed.  As our sister court in
San Antonio has noted, 








Texas
courts of appeals may entertain unassigned error.  See Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990);  Perry v. State, 703
S.W.2d 668, 670 (Tex. Crim. App. 1986); 
Carter v. State, 656 S.W.2d 468, 468‑70 (Tex. Crim. App.
1983). AA constitutional grant of power of
appellate jurisdiction treats a right of appeal in criminal cases >as a remedy to revise the whole case upon the laws and
facts, as exhibited in the record.=A  Carter,
656 S.W.2d at 468 . . . .  AOnce jurisdiction of an appellate court is invoked,
exercise of its reviewing functions is limited only by its own discretion or a
valid restrictive statute.@ [Id.] at 469.  After jurisdiction attaches to a particular
cause, a broad scope of review and revision has been asserted by the appellate
courts of this stateCone that is still recognized,
acknowledged and confirmed by the Legislature. 
Id.; see also Tex.
Code Crim. Proc. Ann. art. 44.25 (Vernon Supp. 20[]05).  In accord with Carter are  Lopez v. State, 708 S.W.2d 446, 448‑49
(Tex. Crim. App. 1996); Barney v. State, 698 S.W.2d 114, 123 (Tex. Crim.
App. 1985); Hall v. State, 86 S.W.3d 235, 239 (Tex. App.CAustin 2002, pet. ref=d); Frost v. State, 25
S.W.3d 395, 399 (Tex. App.CAustin 2000, no pet.); Rodriguez
v. State, 939 S.W.2d 211, 219‑20 (Tex. App.CAustin 1997, no pet.); State v. Lara, 924 S.W.2d
198, 201 n.3 (Tex. App.CCorpus Christi 1996, no pet.); and
Garza v. State, 676 S.W.2d 185, 187 (Tex. App.CCorpus Christi 1984, pet. ref=d) (holding that the authority of a court of appeals to
consider unassigned error in criminal cases is not open to question).[10]

 

 

 

 








I
would abate the appeal and ask both the State and Appellant to brief these
issues.  Alternatively, I would address
the unassigned error.  Because the
majority does not, I must respectfully dissent.      

 

 

LEE ANN
DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED:
March 23, 2006











[1]As conceded by the dissent the
alleged charge error discussed in the dissent was not raised in the trial court
or in this court.  Therefore, we have
declined to address it.





[2]Ngo v. State, 175 S.W.3d 738, 748-49 (Tex.
Crim. App. 2005).





[3]Tex.
Const. art. V, ' 13; Tex. Code
Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2005).





[4]36 S.W.3d 121 (Tex. Crim. App.
2000).





[5]Id. at 125 (citations omitted).





[6]See Tex.
Penal Code Ann. ' 43.25(b) (Vernon Supp. 2005).





[7]Id. (emphasis added).





[8]Id. ' 43.25(a)(2).





[9]See id. '' 21.11, 22.011, 43.25 (Vernon 2003
& Supp. 2005).





[10]Sanchez v. State, No. 04‑96‑00140‑CR,
2005 WL 2508048, at *20 (Tex. App.CSan Antonio Oct. 12, 2005, pet.
filed).















 [COMMENT1]

Majority by Justice McCoy

Dissent by Justice Dauphinot